98  119
98  130
98  136

### THE STATE v. JOHN MATHEWS, *Appellant.*

1. **Practice: PREJUDICE OF SHERIFF: DISCRETION OF COURT.** The trial court is not bound to take the affidavit of a party, that the sheriff is prejudiced against him, as conclusive under Revised Statutes, 1879, section 3894, but it has some discretion in the matter. and unless it appears that it has abused its discretion, its action will not be disturbed. (*State v. Leabo,* 89 Mo. 247, *affirmed.*)

2. ———: **JURORS.** The fact that certain qualified jurors had been summoned under an order of the regular judge, before defendant asked for a change of venue on account of the prejudice of the judge, and the fact that they were re-summoned by the judge who was called in to try the case, because of the application for a change of venue, and the further fact that some of them had been summoned, and peremptorily challenged in prior cases, involving the same facts, does not disqualify them.

3. ———: **INSTRUCTIONS.** It is not error to refuse instructions announcing principles embraced in others given.

*Appeal from Christian Circuit Court.* — Trial before Hon. M. G. McGregor, Judge of Fifteenth Judicial Circuit.

AFFIRMED.

*Boyd & Delaney* and *Travers & Payne* for appellant.

(1) The court erred in overruling the application of the defendant for a change of venue as against the sheriff and coroner of Christian county. R. S., secs. 1038, 3594; Acts, 1883, p. 57; *State v. Smith*, 90 Mo. 37. (2) The court erred in overruling the objections to the jurors.

*B. G. Boone*, Attorney General, for the State.

An affidavit under section 3894, Revised Statutes, by a defendant that the sheriff is prejudiced against him, is not conclusive upon a trial court, and the discretion exercised by it will not be disturbed upon appeal unless it appears that defendant has been prejudiced. *State v. Leabo*, 89 Mo. 247, 252.

NORTON, C. J.—At a special term of the Christian county circuit court, held in April, 1887, defendant was jointly indicted with a number of others for murder in the first degree for killing one Charles Greene on the eleventh day of March, 1887. A continuance of the cause was granted to the August term, 1887, of said court, at which term the cause was again continued till the February term, 1888, of said court, at which time defendant filed an application for a change of venue, alleging prejudice against the judge of the court. The application was granted and it appearing that no member of the bar could or would be elected special judge, it was ordered that MALCOLM G. McGREGOR, judge of

the circuit court for the fifteenth judicial circuit, be requested to try the case. The cause was then tried at said term, said McGREGOR presiding as judge and conducting the trial, which resulted in the conviction of defendant for murder in the first degree, and from this judgment he has appealed to this court.

The evidence in this case is substantially the same as in the case of *State v. William Walker, ante,* p. 95, and as all the points relied upon for reversal in this case, except those hereinafter noted, were ruled upon in that case adversely to defendant it is unnecessary to repeat them here. The points made in this case, and neither made nor passed upon in the case of *State v. Walker, supra,* are as follows :

It appears from the record in this case, that at the February term, 1888, of the circuit court, after Judge McGREGOR had been called to act as judge in the trial of the cause, defendant filed a motion for the appointment of an elisor to summon a jury, alleging in his affidavit in support of the motion that the sheriff and coroner of Christian county were prejudiced against him. This motion was overruled by the court and this ruling is assigned for error. The exact question here presented was passed upon in the case of *State v. Leabo,* 89 Mo. at p. 252, and following the decision made upon it, from which we see no reason to depart, we must hold that the point made is not well taken.

When the jurors summoned were put upon their *voir dire* examination, George W. James stated as follows : "I was summoned on the jury in the case of *State v. Wiley Mathews,* one of the co-defendants of this defendant, and was one of the forty that qualified in that case. After I was excused in that case, and while I was claiming my attendance as a juror, I was summoned again as a juror before Judge HUBBARD in the case of *State v. John Mathews,* this case, and when I was discharged in this case by Judge HUBBARD, I was summoned

again to appear in this case before I got out of the court room." Elmer F. Cantrett and Jepi D. Jones, two other jurors, made statements the same as above. A. J. Herndon on his examination stated: "I was one of the forty in this case summoned before Judge HUBBARD and was discharged by Judge HUBBARD when he was sworn off the bench, and after I was excused and before I was out of the room, I was summoned again in this case and on this jury." C. A. Nightmeir, John Matthews and Thomas Swadley, three other jurors, made statements the same as above.

Ed. D. Miller, another juror, stated on his examination: "I was one of the panel of forty in the case of *State v. William Walker*, one of the co-defendants of this defendant. I was excused, and while I was claiming my attendance in that case, I was summoned again in the case of Wiley Mathews, another of the co-defendants of this defendant, and was one of the qualified forty. After I was excused in the *Wiley Mathews case* and while I was claiming my attendance in that case, I was summoned again in this case before Judge HUBBARD, and after I was discharged by Judge HUBBARD, I was again summoned in this case. I was summoned in this case before I could get out of the court room." James J. Seller and James S. Doran, two other jurors, testified to the same effect as the above.

It appears that all the jurors were summoned on a venire issued on the order of McGREGOR, the judge trying the case on change of venue, and the above jurors had with others been summoned on an order from HUBBARD, judge, before the change of venue was granted and the above named jurors, after the change of venue, were re-summoned, and all qualified as competent jurors under the statute. All of the above named jurors were objected to by defendant and the objection overruled. The objection is not founded on the fact that any one of said jurors was disqualified, either by reason

of prejudice, bias, kinship or of his having formed or expressed an opinion in the case ; for according to the record all of them had been received as qualified and competent on their *voir dire* emamination, but the objection is founded on the fact, that some of them had been summoned under an order of Judge HUBBARD before defendant filed his motion for change of venue on the ground that he was prejudiced, and the fact of their having been re-summoned on the order of Judge McGREGOR after he had been called in to try the cause and the further fact that some of them had been summoned in this case, after they had been summoned in the cases against Walker and Wiley Mathews, and constituted a part of the panel of forty qualified jurors in those cases, and after they had been peremptorily challenged, whether by the state or defendant does not appear.

Under the laws of this state governing trials in criminal cases, defendant had the right to a panel of forty qualified jurors and the right, when such a panel was obtained, to challenge twenty of them peremptorily after the state had exhausted its right to challenge eight. The record shows that neither of these rights were either denied defendant or in any way impaired, and the facts stated constituted no ground for a challenge for cause and the objections of defendant were properly overruled.

The instructions given in this case are substantially the same as those given in the case of *State v. Walker*, *supra*, and it is only necessary to say of the objections made to them, that they were fully considered in the above case, and the instructions held to be proper. The instructions refused, in so far as they contain correct principles of law, were covered by those which were given, and hence no error was committed in refusing them.

The evidence in the case fully sustains the verdict of the jury and the judgment is hereby affirmed with the concurrence of all the judges, except SHERWOOD, J., who dissents; RAY, J., absent; BARCLAY, J., not sitting.

### DISSENTING OPINION.

SHERWOOD, J.—For the reasons stated under the first head in my dissenting opinion in the case of *State v. William Walker, ante*, p. 95, I dissent in this case.

Nor can I otherwise concur in the majority opinion for the following additional reasons: In the majority opinion, it is stated that "the instructions given in this case are substantially the same as those given in the case of *State v. William Walker*." I do not concur in this statement, as a comparison of the instructions in these cases will show that such statement is unfounded. For instance: In the *William Walker case*, the instructions defined deliberation and then submitted to the jury the question whether or not deliberation existed under a proper instruction; in this case the jury were told that "there is no evidence in this case to show that defendant acted under the influence of such violent passion aroused by any cause or provocation." This assumes that the defendant did act, the very point in issue.

Again, in the *William Walker case*, the jury were instructed "that in considering the testimony of accomplices against defendant, you should consider and examine it with great caution and scrutiny, *and the testimony of such witnesses should not be sufficient to warrant a conviction in a case of murder unless the same is corroborated by other witnesses as to facts* and circumstances tending to prove the defendant guilty." In this case the jury were told that "while the testimony of accomplices * * * is admissible on behalf of the state, yet the evidence of such accomplices * * * unless corroborated * * * ought to be considered

by you with great caution and scrutiny. *And you ought to be fully satisfied* of its truth before you should convict * * * on such testimony uncorroborated * * *."

Two instructions could not be drawn more contradictory. In the *Walker case*, the jury are told not to convict on the uncorroborated testimony of accomplices. In this case they are clearly authorized by the instruction under consideration to convict *without such corroboration.* I cannot subscribe to such doctrine, because it is not supported by principle or by authority, and I still adhere to the opinion I expressed in *State v. Chyo Chiagk*, 92 Mo. 417, that the jury should be flatly instructed not to convict the accused on the uncorroborated testimony of an accomplice. For authorities in support of this position, see cases cited in that case.