THE STATE v. JOHN ·D. INGRAM, Appellant.

Division Two, December 20, 1926.

**1. JUROR: Member of Panel in Companion Case.** A juror, qualified as one of a panel and excused before trial is begun, is not disqualified from being used in a companion case, if otherwise qualified, although the two cases are based on the same or similar facts. Where appellant and another were jointly indicted for robbery, and a severance being granted the co-indictee was tried and convicted, members of the panel of thirty who qualified but were not chosen as members of the trial jury in that case, and who had heard the questions asked in qualifying the panel, knew what the case was about, and had heard from some of the jurors what the verdict was, but all stating they had formed no opinion and if selected would try the case against appellant on the evidence and under the instructions without regard to anything they had learned, were not disqualified to sit as jurors in the trial of the case against appellant, and the trial court did not err in overruling appellant's challenges to their selection as members of the panel.

**2. TRIAL: Questions by Defendant.** The court does not err in refusing to permit a defendant, represented by counsel, personally to propound questions to the prosecuting witnesses; and particularly will such refusal not be held to be error on appeal, where the record does not disclose the nature of the questions he desired to ask, nor the character of the answers expected.

**3. INTERPRETER: Qualifications.** The qualifications of an interpreter are for the court to determine, and not for the jury; and if defendant wishes to show any particular fact which may tend to show that the interpreter, called to interpret the testimony of the prosecuting witness, is not faithfully performing his trust, because of prior relationships between the witness and the interpreter or otherwise, he should, in order to have the matter reviewed on appeal, advise the court of it by an offer of proof, if his questions are ruled out.

**4. ROBBERY: Sufficient Proof.** The robbery being clearly established, positive identification of defendant as the robber, together with the finding, in a public closet in an upstairs room to which he fled immediately after the robbery, of the money and other things taken and carried away by the robber, is sufficient proof to authorize a verdict of guilty.

Corpus Juris-Cyc. References: Criminal Law, 16 C. J., Section 2076, p. 821, n. 18 New; Section 2286, p. 926, n. 62, 66; 17 C. J., Section 3328, p. 50, n. 48; Section 3331, p. 56, n. 16; Section 3464, p. 173, n. 45; p. 174, n. 56. **Juries**, 35 C. J., Section 343, p. 325, n. 11 New. **Robbery**, 34 Cyc., p. 1808, n. 78.

Appeal from Jackson Circuit Court.—*Hon. Nelson E. Johnson,* Judge.

AFFIRMED.

*Ed. E. Aleshire* and *George Hornecker* for appellant.

(1) The information does not charge that defendant did make an assault. Sec. 3908, R. S. 1919; 31 C. J. 657, sec. 177; State v.

Fairlamb, 121 Mo. 137.    (2) The information does not charge a
taking.  Sec. 3307, R. S. 1919; 36 C. J. 812, sec. 265; State v. Cope-
man, 186 Mo. 108.    (3)  The court erred in refusing to disqualify
certain jurors, who were qualified the day previous to try George
Butler, jointly charged with defendant in the robbery and found
guilty, and in refusing to disqualify other jurors who had talked
with and heard some of the jurors who had convicted Butler, repeat
the result of the trial of Butler.  35 C. J. 325, sec. 343; Hunt v. City
of Columbia, 122 Mo. App. 31; People v. Mol, 137 Mich. 692; Klien-
dienst v. United States, 48 App. (D. C.) 190; McKay v. State, 6 Ga.
App. 527; Jacobs v. State, 1 Ga. App. 519; State v. Maloney, 118
Mo. 112; State v. Matthews, 98 Mo. 119.  (4)  The court erred in
refusing to permit defendant to ask the prosecuting witness ques-
tions.  Secs. 1154, 3957, R. S. 1919; 6 C. J. 673, sec. 185.  (5)  The
court erred in sustaining State's objection to questions asked prose-
cuting witness as to his acquaintance with interpreter.  Le Toon v.
Terr., 16 Hawaii, 351; Schnier v. People, 23 Ill. 17.  (6)  The evi-
dence was insufficient to support the verdict.  State v. Young, 237
Mo. 170.

*North T. Gentry*, Attorney-General, and *A. B. Lovan*, Assistant
Attorney-General, for respondent.

(1)  The indictment is in a form approved in many cases.  State
v. Tony Strada, 274 S. W. 34; State v. Baldwin, 281 S. W. 940;
State v. Deviney, 278 S. W. 728.  (2)  There was substantial evi-
dence of defendant's guilt.  State v. Concelia, 250 Mo. 424; State
v. Field, 262 Mo. 164; State v. Renfro, 279 S. W. 704.  (3)  The
defendant had an attorney who will be presumed to be competent and
able to look after all the details of the trial.  8 R. C. L. sec. 39;
State v. McCall, 39 Am. Dec. 316.  (4)  The question as to the qual-
ifications of a juror is to be determined by the court, and the finding
of the trial court will not be disturbed unless it appears that manifest
error has been committed.  State v. Cunningham, 100 Mo. 388; State
v. Williamson, 106 Mo. 169.

BLAIR, J.—Appellant was convicted of robbery in the first degree,
was sentenced to imprisonment in the penitentiary for five years, in
accordance with the verdict of the jury, and has appealed.  This is a
companion case of State v. George Butler, *ante* page 264, this day
decided.  Reference is made to the opinion in that case for facts not
stated herein.

The evidence offered by the State tended to prove that, on Septem-
ber 7, 1925, at Kansas City, in Jackson County, two men came up
behind an Italian named Joe Fotivez, who was sitting on the curb,

seized him and held him, slashed his pocket with a knife, and fled with his pocketbook containing about thirty dollars in United States money.

There were forty or fifty other men sitting around nearby, who were passing the noon hour in smoking and talking. No one seemed to realize that Fortivez was being robbed until the robbers started to run away. The robbers were pursued for two or three blocks. At Eighth and Delaware streets appellant and George Butler were captured. The testimony offered by the State's witnesses is that these men had run up a stairway in an office building at that corner and had been apprehended at the top of the stairs. They were afterwards brought down to the street. An officer went up the stairway, where appellant and the other robber were overtaken, and in a closet there found a pocketbook containing thirty dollars in money and a receipt for five dollars, all of which Fortivez identified and claimed as his own.

Appellant and Butler were charged jointly with the crime of robbery. After a severance, Butler was tried and convicted on the day before appellant was tried. Appellant was positively identified as one of the robbers. The place at the counsel table where "the robber" sat was designated by the witnesses without calling him "the defendant," and this is urged as insufficient identification of the appellant. We will assume that, if the witnesses had pointed out as the robber some one at the table other than the defendant then on trial, the trial judge and the jury would have known it. However, at a later place in the record it appears that appellant's counsel referred to the appellant as the man sitting in the place at the counsel table designated by the witnesses as the place where "the robber" sat.

As a witness appellant denied that he robbed Fortivez. He said he was not at Sixth and Main, where the robbery occurred, and placed himself two blocks away, near where he was arrested, at the time the robbery occurred. He said he never had seen Butler until he was apprehended at the same place where he was taken by what he termed the "mob." He had stepped aside to allow the mob to pass and never dreamed the mob was after him until he was captured. Appellant testified that he had suffered a severe fracture of his leg, and limped badly, and could not run fast like the robbers were said to have run. Witnesses for the State described one of the robbers as limping while he ran away. ' The prison physician who had examined appellant testified to a past leg fracture and complete union of the bones, and said that, while one leg was shorter than the other, appellant could run fast for a short distance.

A police officer testified that, after their arrest, appellant and Butler stated that they had come to Kansas City together four or five days before and had "bummed" their way there. This statement was denied by appellant. He then called Butler as a witness and he

also denied the conversation. Butler was then shown to have been convicted for the.same robbery upon his separate trial.

The information is assailed as insufficient and as charging no crime. It was set out in full and approved in the companion case, State v. Butler. What we there said concerning its sufficiency is equally applicable here.

Error is assigned because the court refused to sustain appellant's challenge to several members of the regular jury panel who had qualified as members of the panel of thirty jurors in the Butler case the day before, but who had not been chosen as members of that trial panel. They had heard the questions asked by counsel

**Panel of Jurors.** in qualifying a panel, and had been told what the case was about, and knew that appellant and Butler had been charged jointly. It was not shown that any of them had heard any of the testimony in the Butler case. Two or three of them had learned the result of the Butler trial from some one of the jurors on the trial panel. All of the challenged jurors stated that they had no opinion in the case then on trial and, if selected as members of the trial panel, they would try the case on the evidence and under the instructions of the court without regard to anything they had learned concerning the other case or its result.

Appellant cites 35 Corpus Juris, 325, section 343, and three Missouri cases. The citations from Corpus Juris and two of the Missouri cases merely discuss the situation where a juror has been accepted who has actually served as one of the trial panel in a prior case based upon the same facts. Manifestly, those cases are not in point here. In State v. Mathews, 98 Mo. 119, cited by appellant, practically the same situation existed as is present here. Several defendants were jointly charged and several panels were qualified and some of the jurors in the later trials had been qualified, but excused from the trial panel, in a previous trial. This court held that no error was committed in permitting such man to be qualified.

A juror, qualified as one of the panel before the challenges are made and who is then excused before the trial is begun, is not disqualified from being used again, simply because of such prior use as tentative juror, if he is otherwise qualified. The mere fact of having been summoned and examined as to his qualifications and then excused from the trial panel does not disqualify a juror from subsequent service in a case based upon the same or similar facts. The trial judge was careful to inquire if the challenged jurors had formed any opinion as to the merits of the case. He did not abuse his discretion in retaining such jurors on the panel of thirty.

Complaint is made because the court would not permit appellant personally to propound questions to the prosecuting witness. He was represented by counsel and the court did not abuse his discretion in

refusing to allow appellant also to examine witnesses. An additional reason for refusing to convict the trial court of error in this respect is that the record does not disclose the nature of the question appellant desired to ask nor the character of the answer expected.

Appellant complains of error in the admission of the testimony of the police officers concerning statements made by appellant's captors to the effect that they had found him upstairs by the closet where the pocketbook was found. No objection was made to the testimony at the time it was given and it is improper to consider the propriety of its admission.

Complaint is made because the court sustained objections of the State to questions asked of the prosecuting witness by counsel for appellant concerning the prior relationship between the prosecuting witness and the interpreter, through whom the prosecuting witness was enabled to testify. No offer was made showing what such relationship would appear to be, if the witness had been permitted to answer. Manifestly, the court was correct when it said that the qualification of the interpreter was for the court to pass upon and not the jury. If appellant desired to show any particular fact which might have tended to prove that the interpreter was not faithfully performing his trust, he should have advised the court of it by means of an offer of proof. The question is not before us.

It is contended that the evidence is not sufficient to support the verdict. Appellant was positively identified as one of the assailants of Fortivez. By violence to his person, such assailants took his pocketbook, containing thirty dollars in money, and fled. The verdict is supported by testimony most substantial, entirely sufficient and altogether convincing.

We find no error in the trial proceedings. The information is sufficient. The verdict is responsive to it. The judgment is in due form and properly based upon the verdict. It is ordered that the judgment be affirmed. All concur.