**STATE of Missouri, Respondent,**

**v.**

**Virgil Major WYNN, Appellant.**

**No. 50917.**

Supreme Court of Missouri,
Division No. 1.

May 10, 1965.

Motion for Rehearing or for Transfer to Court En Banc Denied June 14, 1965.

Norman H. Anderson, Atty. Gen., Jefferson City, Brick P. Storts, III, Asst. Atty. Gen., for respondent.

Lewis E. Pierce, Robert G. Duncan, Simon & Pierce, Kansas City, for appellant.

WALTER H. BOHLING, Special Commissioner.

Virgil Major Wynn was found guilty of stealing property of a value of more than $50; to-wit: a television set of the value of $150. §§ 560.156 and 560.161; Laws 1955, p. 507; Laws 1957, p. 376. Statutory references are to RSMo 1959 and V.A.M.S. unless otherwise indicated. The charge was under the Habitual Criminal Act and, upon the jury's verdict of guilty, the trial judge sentenced defendant to ten years' imprisonment. Judgment accordingly.

A preponderance of the evidence established defendant's guilt. There is no contention the State failed to make a case or occasion to detail the testimony on the merits.

Defendant contends the Court erred in assessing his punishment under the Habitual Criminal Act on the ground the evidence did not establish defendant's final conviction of the prior offense and, therefore, his punishment for the offense on trial should have been submitted to the jury.

The Habitual Criminal Act (Laws 1959, S.B. No. 117, § 556.280), briefly stated and so far as pertinent here, is to the effect that any person convicted of an offense punishable by imprisonment in the penitentiary and sentenced and imprisoned in the penitentiary therefor who is charged with having thereafter committed a felony shall, if convicted, receive such punishment within the law, for the subsequent offense as the trial judge determines. Evidence of the prior conviction, sentence and imprisonment shall be heard and determined by the trial judge out of the hearing of the jury prior to the submission of defendant's guilt to the jury, and the court shall enter its findings thereon. Said Act does not apply so long as the prior conviction may be pending on appeal.

Defendant took the stand. He admitted he had been convicted of rape in 1961 (State v. Wynn, Mo., 357 S.W.2d 936), had been sentenced to two years' imprisonment in the penitentiary, and had been conveyed to, confined in and released from the Missouri Penitentiary under said conviction. (Consult State v. Jones, Mo., 384 S.W.2d 554, 559 [4].) Defendant also testified his conviction of rape was "still pending trial

in the United States Supreme Court"; that he "appealed the case in St. Louis," and that "Morris Shenker has the case now." This rape case and the instant case were tried in Jackson County by the same judge. He found the Habitual Criminal Act applied.

Defendant contends his punishment should have been submitted to the jury on his statement his conviction of rape was pending on appeal.

█ Juries and other triers of the facts may believe all the testimony of any witness or none of it, or may accept it in part or reject it in part, just as they find the same to be true or false when considered in relation to the other testimony and the facts and circumstances of the case. Kickham v. Carter, Mo., 314 S.W.2d 902, 905 [1]; State v. Tompkins, Mo., 277 S.W.2d 587, 590 [1]. Ordinarily a plaintiff or a defendant is bound by his testimony against interest. Thaller v. Skinner & Kennedy Co., Mo.App., 307 S.W.2d 734, 738 [5]. A party is entitled to have the trier of the facts pass on the credibility of the witnesses and the weight of their testimony although it be uncontradicted. State v. Bartlett, 359 Mo. 881, 224 S.W.2d 100, 102 [3]; Hampton v. Niehaus, Mo., 329 S.W.2d 794, 801 [10]; Sartin v. Sartin, Mo.App., 349 S.W.2d 705, 710 [6]. When passing on the weight and sufficiency of the evidence the trier of the facts should consider the credibility of the witness, his motives in testifying, his demeanor, and his feelings for or against any party or witness to the litigation. State v. Gridley, Mo., 353 S.W.2d 705, 707 [8]; State v. Brown, 304 Mo. 78, 262 S.W. 710 [7].

█ Defendant's release from the Missouri Penitentiary sixteen to seventeen months prior to his arrest on this charge of stealing on February 18, 1964, as defendant testified, is sufficient to sustain a finding that no timely review proceeding before the United States Supreme Court had been instituted.

█ Defendant's testimony that his rape case was on appeal in the United States Supreme Court was not conclusive on the trial judge, although it was for his consideration.

█ Furthermore: Defendant was found guilty on May 13, 1964, of the felony of stealing on February 18, 1964. The issue of his punishment involves his conviction of rape in 1961, approximately three years prior to the instant trial. We have said: "An appellate court takes judicial notice of its own records." This is particularly so in the interest of justice when the prior litigation is involved in later litigation between the parties. State ex rel. Horton v. Bourke, 344 Mo. 826, 129 S.W. 2d 866, 869 [7]; Flynn v. Janssen, Mo., 284 S.W.2d 421, 422 [1]; State ex rel. St. Louis Public Service Commission v. Public Service Comm., Mo., 291 S.W.2d 95, 97 [1]; Harter v. Lindsay, Mo.App., 306 S.W.2d 881, 883 [3]; Franz v. Buder, C.C.A.8th, 34 F.2d 353, 356 [5]. A trial court may take judicial notice of its own records. Arata v. Monsanto Chemical Co., Mo., 351 S.W.2d 717, 721 [5]; Vogel v. Vogel, Mo.App., 333 S.W.2d 306, 310 [6].

We affirmed defendant's conviction of rape on May 14, 1962, and overruled his motion for rehearing on June 11, 1962. See, 357 S.W.2d 936. Under § 477.030 the clerk of an appellate court is required to transmit to the circuit court a copy of the opinion entered in a case on appeal within thirty days after the filing of the opinion. Our mandate and a copy of our opinion in State v. Wynn, supra, was forwarded to the Clerk of the Circuit Court of Jackson County on June 27, 1962. This action is the last entry of record in said case. Now after a lapse of much more than one hundred and fifty days (1954 U.S.Sup.Ct.Rules 11 and 22, 28 U.S.C.A.) there has been no application for or any order staying our said mandate in defendant's rape case or any order recalling it from the Circuit Court of Jackson County. It follows that no proper review proceedings have been

instituted in said case of State v. Wynn; and the correctness of the findings of the facts under the Habitual Criminal Act is established by the record made by this defendant.

■ The better practice is for the State to put on its evidence establishing the essential facts of the Habitual Criminal Act.

The second and last point in defendant's brief reads: "The trial court erred in compelling appellant to proceed with his then attorney and in refusing to allow appellant to make his own closing argument."

■ When defendant appeared for arraignment, the court informed him of the charge against him, the possible punishment if he be found guilty, and his right to counsel, explaining the benefits of counsel to defendant. The court found defendant mentally able and sufficiently informed to decide his need for counsel and offered to appoint counsel to conduct the defense; but defendant waived such right to counsel. Defendant pleaded "not guilty." He appeared in court in person and by Lester Adams, an attorney of his own choosing, for his trial. After the closing of the evidence, defendant, securing permission, stated that he would like to act in his own defense; that: "I would like to make my closing argument * * *. * * * At the present time I am discharging my lawyer." The court refused to permit this, stating it would not be fair to defendant.

We think it well stated in 14 Am.Jur., Criminal Law, § 170: "* * * [I]f he [defendant] elects to be represented by counsel who conduct the defense until the time comes to make the argument to the jury, he cannot discharge them and insist on making the closing argument himself, though it is within the discretionary power of the court to permit him to do so." State v. Velanti, Mo., 331 S.W.2d 542, 546 [5]; State v. Ingram, 316 Mo. 268, 289 S.W. 637 [2]; State v. Warren, Mo., 321 S.W.2d 705; State v. Townley, 149 Minn. 5, 182 N.W. 773, 780 [11, 12], 17 A.L.R. 253, 264

(14), cert. den., 257 U.S. 643, 42 S.Ct. 54, 66 L.Ed. 413; Annotation, 77 A.L.R.2d 1241, § 4.

We find no abuse of discretion in the trial court's ruling under the circumstances of this record.

Our examination of the record discloses no error within the provisions of S.Ct. Rule 28.02, V.A.M.R.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by WALTER H. BOHLING, Special Commissioner, is adopted as the opinion of the Court.

All concur.