**STATE of Missouri, Respondent,**

v.

**Wayne ESTES, Appellant.**

No. 51456.

Supreme Court of Missouri, Division No. 1.

Oct. 10, 1966.

Norman H. Anderson, Atty. Gen., Donald R. Wilson, Asst. Atty. Gen., Jefferson City, Attorneys for Respondent.

HOUSER, Commissioner.

This is an appeal from an order overruling motions filed under Criminal Rule 27.26, V.A.M.R., to vacate sentences and judgments in ten burglary and larceny cases filed against Wayne Estes. Ten transcripts were filed here under one docket number. All ten matters will be disposed of by this opinion.

The ten cases were filed in the 38th Judicial Circuit in March and May of 1952, during the term of office of Circuit Judge Tom R. Moore. On December 29, 1952 Judge Moore disqualified himself in four of the cases and Honorable William Collinson, Judge of the 23rd Judicial Circuit, was called as Special Judge to try those four cases. Judge Collinson assumed jurisdiction and appeared for the purpose of setting the four cases for trial. Prior to the date of trial defendant escaped and fled the jurisdiction. On May 29, 1953 the court ordered the cases stricken from the docket, but they were not dismissed. The ten cases were reinstated on the docket on August 22, 1960, defendant in the meantime having been taken into custody. Between his escape in 1953 and his return in 1960 defendant had served time under convictions in Arizona and in a federal court. On August 22, 1960, at the request of defendant and his counsel, the regular judge of the circuit, Judge Crain, called a special term of court upon proper waiver of time for the purpose of disposing of the ten cases. Defendant, accompanied by his attorney, was arraigned before Judge Crain and in each of the ten cases he entered a plea of guilty. Judge Crain sentenced him in each case to 5 years for burglary and 5 years for larceny and ordered in each case that the two 5-year terms run concurrently. On the same day, in each case, Judge Crain made an order directing that the sentence and judgment be suspended until the further order of the court on condition that defendant be placed under the supervision of the state department of probation and parole. In one case there was a further condition that defendant post a $5000 appearance bond.

On May 28, 1962 "the court" made the following order: "Parole revoked. Alias capias warrant ordered issued."

On June 1, 1964 defendant, accompanied by his attorney, appeared in court before Judge Crain, the regular judge of the circuit, at which time defendant's counsel asked the court to reinstate the suspended sentences. Judge Crain refused to grant further lenience, ordered commitments to issue in accordance with the original sentences and ordered that the sentences in the ten cases run concurrently. Defendant was taken into custody and delivered to the penitentiary.

On September 9, 1964 defendant, by and through his counsel, filed motions under Criminal Rule 27.26 to vacate the sentences and judgments, alleging that at the time his pleas were entered on August 22, 1960 he was on parole from a federal penitentiary and that after the pleas were entered in the ten cases the court granted probation "to run concurrently with defendant's Federal Sentence." Based on this postulate the motions further alleged that the federal government had priority of defendant's person, and that under the law of comity the Missouri court, by ordering the 5-year sentences "to run concurrently with Federal Probation," waived or relinquished jurisdiction over defendant to the federal government; that the 5-year sentences in the ten cases did not stop running when the orders suspending the sentences were made, and did not become "dormant," but continued to run, because the state and federal sentences were concurrent. His position is that after completion and expiration of his federal sentence [1] he could not be required to serve the state sentences—that the state sentences terminated and were satisfied upon the expiration of the federal sentence. The motions further alleged that "this Court disqualified itself in this case."

The motions were considered, the circuit court finding in each case that the motion on its face "fails to state facts upon which

1. Estes' federal parole was revoked and he was returned to the federal penitentiary to serve the unexpired portion of his sentence on April 11, 1962, for parole violation and apparently was released from the federal penitentiary shortly before June 1, 1964.

relief can be granted," and they were overruled. This appeal followed.

The case is before us on the original motions, defendant not having filed a brief, and not having appeared personally or by counsel on this appeal.

■ The court did not err in summarily disposing of the motions as a matter of law. No genuine issue of fact was made. Defendant made the unsupported allegation that the court granted probation to run concurrently with the federal sentence, but this contradicts the record, which makes no reference whatsoever to the federal sentence or to federal probation. " * * * [T]he defendant's unsupported statements, in his motion or otherwise, will not be permitted to contradict the record so as to establish a fact issue. * * * If no issue of fact is made on a motion such as this the court may summarily dispose of it as a matter of law. * * *." State v. McDonald, Mo.Sup., 343 S.W.2d 68, 72. And see State v. Small, Mo.Sup., 386 S.W.2d 379 [7].

Defendant's point that the State of Missouri *relinquished jurisdiction over him* to the federal government on the theory that the circuit court ordered that the sentences run concurrently, so that by serving his federal sentence he satisfied his obligations to the state, of necessity fails because it is based entirely upon an unsupported and false postulate.

■ Defendant claims that his constitutional rights were violated by unlawfully and illegally having extradited him on the detention warrant. This contention rests again upon the theory that the state waived its right to demand his return, which in turn is predicated upon the unproved, unsupported allegation of surrender of the defendant to the federal authorities. It must be rejected for the reason that it is an unsupported statement contradicting a court record and for the further reason that in a proceeding under Criminal Rule 27.26 we do not inquire into the validity of extradition proceedings under which the defendant has been returned to this jurisdiction, our concern being limited to the validity of the proceedings in this state after the defendant has been returned. State v. Donnell, Mo.Sup., 387 S.W.2d 508 [1, 2].

■ Turning to the bare and undeveloped allegation of the motions that the court disqualified itself, there is nothing to show that Judge Joe C. Crain, the duly elected and qualified regular judge of the circuit where these cases were pending, and who sentenced defendant in each of the ten cases, ever disqualified himself or that he was disqualified by the state or the defendant, or that his right to sit in these cases was ever challenged. On the contrary, the record in at least nine of the cases affirmatively shows that Judge Crain was never disqualified. The record contradicts the bald and unsupported allegations in the motions that this court disqualified itself, and we therefore rule that no fact issue was made on this facet of the case.

The judgments overruling the motions filed under Criminal Rule 27.26 are affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.