**James Lloyd McBRIDE, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 56670.**

Supreme Court of Missouri,
Division No. 2.

Sept. 25, 1972.

Charles L. Spitler, New Madrid, for movant-appellant.

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

**WILLIAM J. PETERS, Special Judge.**

This is an appeal from an order overruling a motion filed under Rule 27.26, V. A.M.R., to vacate sentence and judgment for stealing. (Sec. 560.161, subd. 2, RSMo 1969, V.A.M.S.)

Appellant, James McBride, pleaded guilty to a charge of stealing on May 4, 1964. April 27, 1965, appellant was sentenced on said plea to ten years' imprisonment in the Department of Corrections of the State of Missouri. Thereafter, on the same day, appellant was placed on probation until further order of the sentencing court. On July 14, 1965, appellant's probation was terminated and revoked, and appellant was remanded to the custody of the sheriff of New Madrid County to be delivered to the Missouri Department of Corrections.

On September 20, 1969, appellant filed a petition to vacate and set aside his ten-year sentence rendered April 27, 1965, and imposed July 14, 1965. Said motion was taken up, submitted, and taken under advisement by the New Madrid County Circuit Court on December 23, 1969. Appellant prayed for relief upon three basic points: (1) That no counsel was present on behalf of appellant when he was sentenced April 27, 1965; (2) That appellant was constructively "banished" from the State of Missouri by an out-of-state parole; and (3) That extradition of appellant from Texas to Missouri prior to sentencing was unlawful. Appellant cites State v. Estes, 406 S. W.2d 560, wherein this court stated that "We do not inquire into the validity of extradition proceedings under which the defendant [Estes] has been returned to this jurisdiction, our concern being limited to the validity of the proceedings in this state after the defendant [Estes] has been returned." Defendant therefore does not argue the extradition question in this appeal.

We consider first the question of whether the lower court did err in overruling appellant's motion to vacate sentence and judgment for the reason that appellant was not represented by counsel at the time sentence was pronounced. Defendant acknowledges that this court has not held that a defendant is always entitled to presence of counsel at the time of sentencing (State v. McClanahan, 418 S.W.2d 71, 73–74), but cites the case of Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, and argues that defendant in this case should have his sentence and judgment vacated and set aside. In Mempa, supra, there were two cases, that of defendant Mempa and another of defendant Walking. Defendant Mempa, at age 17, entered a plea of guilty with court appointed counsel and received probation. At a revocation hearing he was not represented by counsel and was not asked whether he wished to have counsel present or appointed. Nor was any inquiry made concerning the presence or absence of the appointed counsel. Petitioner was never asked if he had anything to say or any evidence to present. Walking pleaded guilty to forgery and grand larceny with retained counsel and received probation and was brought before the court for a revocation hearing. Petitioner requested a continuance to enable him to retain counsel and was granted one week. Eight days later petitioner informed the court that he had an attorney who was supposed to be present. The court waited fifteen minutes and then went on without counsel and without the offer of counsel. Both cases were reversed.

The right to assistance of counsel at all critical stages in a criminal proceeding is not absolute but can be waived by a defendant if such waiver is made intelligently and with full knowledge of the consequences. State v. Lillibridge, 399 S. W.2d 25, 28–29 (Mo.1966, Certiorari denied 384 U.S. 956, 86 S.Ct. 1579, 16 L.Ed.2d 551) (1966), and State v. Carter, 399 S.W.

2d 74, 77 (Mo.1966). In this case, based upon the evidence before it, the lower court found that the appellant, intelligently and voluntarily, waived his right to counsel. This finding is not subject to reversal by this court unless it is shown to be clearly erroneous. Supreme Court Rule 27.-26(j); Crosswhite v. State, 426 S.W.2d 67, 70 (Mo.1968).

■ The record indicates that prior to accepting appellant's plea of guilty, the judge informed the defendant of his right to counsel and explained fully how the exercise of said right might be of benefit to him and offered to appoint counsel if such were desired. The court specifically found at that time that the defendant was mentally capable and sufficiently informed to decide his need for counsel, but that he waived his right. Appellant did not take issue with any of the statements on the record at the hearing. In fact, appellant conceded that he consciously waived his right to counsel at the time of entering his plea because he was guilty of the charge and knew that no lawyer could get him off.

Appellant now contends that he was denied his constitutional right to assistance of counsel at sentencing. He takes this position, in spite of the fact that appellant testified that he was guilty when he entered his plea and no lawyer could have gotten him off, he was offered a parole if he cooperated with the authorities, sentencing was delayed so that he could testify against the co-defendant, and he was happy with the deal he got for cooperating.

In Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690, cited by defendant, there was a guilty plea to burglary and robbery where no counsel was offered or given the defendant. There was an error as to defendant's criminal record and the Supreme Court held that an attorney could have prevented the court from proceeding on false assumptions. The court did not proceed on any false assumptions in this case.

In State v. Tettamble, 431 S.W.2d 441, the defendant was convicted and sentenced with a record that did not show why no counsel was present at the sentencing. The case was remanded for allocution. The record there failed to show that the trial court asked defendant if he wanted counsel at this stage or why the trial court proceeded without counsel present. This is unlike the present case. We there held, l. c. 444: "We have not held, and do not now hold, that a defendant is always entitled to the presence of counsel, or of his own counsel, at the time of sentencing."

In State v. McClanahan, 418 S.W.2d 71, cited by defendant, the appellant was found guilty of possession of marijuana and also found guilty of possession of amphetamine. The trial court sentenced defendant to ten years on each charge, the sentences to run concurrently. Under § 546.480, RSMo 1959, V.A.M.S., the trial court has no power to impose concurrent sentences and defendant was subject to total imprisonment of twenty years whereas the court clearly intended the maximum of ten years and the State had expressly recommended that. Also, the attorney who was casually present, did nothing to rectify this error and this court held that defendant was entitled to be returned to the trial court for the imposition of a new sentence with his own attorney present or appointed counsel if he is an indigent. No such situation exists in the case of this defendant.

The record discloses that the trial court's finding that appellant affirmatively waived his right to counsel was not erroneous. Appellant's own testimony established that the plea, sentence and probation were satisfactory to the defendant and at the defendant's request.

■ Plaintiff's next point is that he was unlawfully banished from the State of Missouri as a condition of parole.

The definition of banishment is found at 8 C.J.S. Banishment page 593. Banishment

is "expulsion, or deportation by the political authority on the ground of expediency; punishment by forced exile, either for years or for life; a punishment inflicted on criminals, by compelling them to quit a city, place, or country, for a specific period of time, or for life." Defendant cites the case of State v. Small, 386 S.W.2d 379. In that case this court had a situation similar to that of this defendant. This court held that the charge of "banishment" was not borne out by the record, which showed only that the defendant was required to conduct himself as a good citizen and lead an honest, upright, tempered and industrious life and obey the laws and ordinances of every state and of the United States and possessions. Here, the record further showed that appellant testified that going to Texas was his idea, and that he thought it was the best deal because it was a good way of avoiding parole supervision. It was understood by all parties that he would go to Texas after being placed on probation because a job had been provided for him there. Under these circumstances the record does not support appellant's charge of banishment and the lower court was not clearly erroneous in its finding that he had not been banished from the state contrary to law.

Here, the defendant had a probation revocation hearing and probation was revoked for criminal activity within the State of Texas which violated the conditions of his probation. The record discloses that probation was not withdrawn as a result of appellant's return to Missouri. The constitutional issue of banishment under the definition given is a situation where banishment is the punishment.

It would not be logical to allow defendant to be on probation in another state of his choosing, without supervision, and then permit him to have a judgment and sentence vacated because he subsequently became involved in criminal activity in the state of his choosing and had his probation revoked.

The order of the trial court is affirmed.

All of the Judges concur.