Edward HURSE, Movant, Appellant,

v.

STATE of Missouri, Respondent.

No. 36233.

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 12, 1975.

Legal Aid Society, Roy A. Walther III, Gael T. Infande, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Robert H. House, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., John F. White, Asst. Circuit Atty., St. Louis, for respondent.

WEIER, Presiding Judge.

This is an appeal from a denial of a motion for post-conviction relief. On April 3, 1961 movant pleaded guilty to two charges of selling heroin. He was sentenced to concurrent four year terms, which he served until released on December 7, 1963. On March 3, 1972 movant knowingly waived his right to a jury trial and pleaded guilty to an amended information charging movant with illegal possession of heroin, a Schedule I controlled substance (§§ 195.017, 195.200, RSMo 1969), and with convictions of two prior offenses (§ 556.280, RSMo 1969). Movant was sentenced to fifteen years imprisonment. On October 29, 1973 movant filed a motion to vacate this judgment pursuant to Rule 27.26. A hearing was held on February 20, 1974, and on March 5, 1974 findings of fact and conclusions of law were filed denying movant's 27.26 motion. From this denial movant appeals.

Movant raises two points on appeal. First he urges that his guilty plea must be vacated because the two prior convictions were constitutionally tainted. Movant contends his two prior convictions could not be used to apply the Second Offender Act (§ 556.280, RSMo 1969) because under Rule 24.04 the two charges were separate and distinct, and at the time they were heard they should have been taken up separately. Instead he claims all of the evidence was heard by the trial judge on both charges before movant's guilty pleas were accepted, constituting an erroneous joint conviction. The movant relied on the record to substantiate his allegations. From an examination of the record, however, the court found the movant was not tried at all, but that his guilty pleas to the two prior felonies were entered in separate proceedings. A plea of guilty was separately entered as to each charge. There was no joinder of the two charges into one information or indictment. Movant has not demonstrated that the record varies from the finding of the court, which he must do in order to sustain his burden of proof. Rule 27.26(f). It is well established that the findings of fact and conclusions of law by the court hearing a 27.26 motion are presumptively correct, and that the burden is on the movant to show that the judgment of the court is clearly erroneous. Rule 27.-26(j). *McCarthy v. State,* 502 S.W.2d 397, 402[1, 2] (Mo.App.1973). The court was not in error in taking judicial notice of its own records pertaining to defendant's prior convictions which resulted in a finding that movant's contentions were without merit. *State v. Wynn,* 391 S.W.2d 245, 247[7, 8] (Mo.1965). The mere fact that the court receiving the plea may have interrogated defendant at one time on the facts to determine the validity of the pleas could not constitute a joint conviction.

In his second point on appeal movant alleges the court erred in its finding regarding his sentencing and the Second Offender Act because there was no prior hearing with regard to his prior convictions. Movant admitted his guilt to all three felonies and admitted that a prior hearing would have shown the two prior convictions. Thus no factual issues are raised. As the court below pointed out, this is only a question of law, whether a finding of the prior convictions could be properly made without a hearing, as described in § 556.280, *supra.*

The purpose of having a prior hearing by the court under § 556.280, the Second Offender Act, is to keep the matter of prior convictions away from the jury by having the judge assess the penalty rather than the jury if a prior conviction has been found. *State v. Wilwording,* 394 S.W.2d 383, 386[2] (Mo.1965). But no jury was

required here. Movant entered a plea of guilty. When movant pleaded guilty to the information charging him with possession of heroin and two prior convictions, he not only admitted his guilt but also admitted all the facts charged. *Robinson v. State,* 491 S.W.2d 314, 315[4] (Mo.1973). Furthermore, in the hearing on his motion he admitted to informing the sentencing court that he had the prior convictions. Such an admission may be shown as evidence of prior conviction. *State v. Baugh,* 323 S.W.2d 685, 690[6] (Mo. banc 1959). Additionally, he admitted the prior felony convictions to the court hearing his motion. The records of the court of which the court may take judicial notice, and here did so, also sustained the original conviction and the later ruling against movant. *State v. Wynn, supra.* The record also discloses that movant was fully cognizant of the charge and the possible range of punishment to which he pleaded guilty.

The judgment is affirmed.

DOWD and RENDLEN, JJ., concur.