STATE of Missouri, Respondent,

v.

**Elroy BURGIN, Appellant.**

No. KCD 28035.

Missouri Court of Appeals,
Kansas City District.

July 6, 1976.

Motion for Rehearing and/or Transfer
Denied Aug. 2, 1976.

Kierst & Cain, David Wm. Kierst, Jr., Donald L. Cain, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from conviction of robbery, first degree. The question is whether defendant was denied a constitutional right of self-representation. Affirmed.

Appellant does not question the sufficiency of evidence to sustain the conviction. The record contains evidence to show that on November 15, 1974, Elroy Burgin and others entered the Fairway Supermarket, 23rd and Benton, Kansas City, Jackson County, Missouri, assaulted Frank A. Cucchiara with a revolver, and took some $300 in currency from him.

Appellant contends the court erred by not interrogating defendant as to the voluntariness and intelligence of his request to waive appointed counsel and conduct his own defense, and thus improperly denied his attempt to invoke his constitutional right of self-representation. See U.S.Const., Amendment VI; Mo.Const., Art. I, § 18(a).

At the conclusion of the *voir dire* examination of the veniremen, defendant's appointed lawyer announced: "The defendant has indicated to me that he would like to ask and would request permission of the Court to serve as his own counsel, and would like for me to remain to sit as second chair to him, to be available for advice, but he would like to serve as his own counsel." The court overruled the request and observed: "He is entitled to counsel, and is

not learned in the law." Defendant's motion for new trial asserted: "The Court erred in refusing Defendant's request to defend in person with the assistance of his appointed counsel. Such refusal prevented Defendant from effectively participating in his own defense in violation of Defendant's right to be confronted with the witnesses against him and his right to representation by counsel in his defense."

Appellant cites *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), to assert that a defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so. He asserts also that the right of self-representation by a defendant in a criminal case existed in Missouri prior to *Faretta v. California,* supra, in that defendants in Missouri criminal trials have the right to waive counsel if the waiver is voluntarily and intelligently made. See, e. g., *State v. Moreland,* 396 S.W.2d 589 (Mo.1965); *State v. Slicker,* 342 S.W.2d 946 (Mo.1961); *State v. Lahmann,* 460 S.W.2d 559 (Mo.1970); *Morris v. State,* 456 S.W.2d 289 (Mo.1970); *United States v. Warner,* 428 F.2d 730 (8th Cir. 1970); *McBride v. State,* 484 S.W.2d 480 (Mo.1972).

Appellant argues that the record shows no interrogation by the judge to determine if defendant's "request to conduct his own defense was being made voluntarily and intelligently * * *. The summary decision of the trial court * * * without interrogation * * * substantially violated [his] right to due process and right to conduct his own defense * * *."

■ The difficulty in appellant's position is demonstrated by his untimely and equivocal request. Trial was under way when he made his request; and, although he stated a desire and request "to serve as his own counsel," he coupled it with a simultaneous desire and request that his lawyer remain "as second chair * * * available for advice." His request that he be granted permission to proceed both *pro se* and by counsel was further demonstrated by the assignment in the motion for new trial that

the court erred in refusing his "request to defend in person with the assistance of his appointed counsel." Thus, it may not be said that defendant attempted to waive his right to counsel. Rather, he expressed the desire to represent himself and, at the same time, claimed his right to assistance of counsel. Accordingly, there was no duty on the court to interrogate defendant with respect to the quality of an attempted waiver of counsel.

*Faretta v. California,* supra, held only that the Sixth Amendment to the United States Constitution guarantees to a defendant in a state criminal trial the right to defend himself without counsel, and that where a defendant voluntarily and intelligently waives his right to counsel, the state may not force counsel upon him. It was emphasized that Faretta "weeks before trial * * * clearly and unequivocally declared to the trial judge that he wanted to represent himself and did not want counsel," and, consequently, the trial court erred in forcing him "to accept against his will a state-appointed public defender * * *." *Faretta v. California,* supra, 95 S.Ct. 2525, l. c. 2541.

■ Although Article I, Section 18(a) of the Missouri Constitution gives an accused the right "to appear and defend, in person and by counsel," such provision has not been construed to mean that a defendant is entitled to have his case presented both by himself and by counsel at the same time. Thus, whether a defendant who is represented by counsel may participate in his trial is a matter within the discretion of the trial court. *State v. Velanti,* 331 S.W.2d 542, 546 (Mo.1960); *State v. Ingram,* 316 Mo. 268, 289 S.W. 637, 639 (1926). In South Dakota an accused is accorded the right " 'to defend in person and by counsel,' " and "These provisions do not create or guarantee dual rights * * *. [A]n intelligent competent accused must elect either (1) to have an attorney—by employment or by appointment, or (2) to defend himself. He is not entitled as a matter of right to both." *State v. Thomlinson,* 78 S.D. 235, 100 N.W.2d 121, 122 (1960). In California, "[A]

defendant is not entitled to have his case *presented* in court *both by himself and by counsel* acting at the same time or alternating at defendant's pleasure." *People v. Hill,* 70 Cal.2d 678, 76 Cal.Rptr. 225, 232, 452 P.2d 329, 335–336 (1969), cert. den. 406 U.S. 971, 92 S.Ct. 2416, 32 L.Ed.2d 671 (1972). See *Miller v. State,* 86 Nev. 503, 471 P.2d 213, 215 (1970), for the same conclusion, and see also 23 C.J.S. Criminal Law § 979(4), and 21 Am.Jur.2d Criminal Law, § 311, for the same as a general rule. Note also that a defendant has no Sixth Amendment right to participate as co-counsel in his case, *United States v. Wolfish,* 525 F.2d 457 (2nd Cir. 1975); *Stiner v. State,* 539 P.2d 750 (Okl.Cr.1975); nor to act as his counsel where he is represented by an attorney, *United States v. Swinton,* 400 F.Supp. 805 (D.C.S.D.N.Y.1975); nor to represent himself and to proceed through counsel at the same time, *United States v. Conder,* 423 F.2d 904 (6th Cir. 1970); *Duke v. United States,* 255 F.2d 721 (9th Cir. 1958), cert. den. 357 U.S. 920, 78 S.Ct. 1361, 2 L.Ed.2d 1365 (1958); *United States v. Mitchell,* 137 F.2d 1006 (2nd Cir. 1943).

■ The court may, in its discretion, appoint counsel to advise or assist a defendant in his presentation of his defense and the preservation of a record, *United States v. Dujanovic,* 486 F.2d 182 (9th Cir. 1973); but it is not required, *Lopez v. Pitchess,* 265 F.Supp. 136 (C.D.Cal.1967); and a defendant who wishes to act *pro se* has no right to have counsel appointed merely to serve as a procedural advisor, *State v. Blanchey,* 75 Wash.2d 926, 454 P.2d 841 (1969). The trial court's observation in response to defendant's equivocal request, "He is entitled to counsel, and is not learned in the law," demonstrates an exercise of discretion within the foregoing guidelines.

Judgment affirmed.

All concur.