THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICHARD CLARK, Defendant-Appellant.

First District (5th Division)    No. 80-434

Opinion filed March 13, 1981.

Ralph Ruebner and Bradley S. Bridge, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr and Pamela L. Gray, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

On October 16, 1979, defendant entered a negotiated plea of guilty to an information charging him with three counts of armed robbery. (Ill. Rev. Stat. 1977, ch. 38, par. 18—2.) He was sentenced to concurrent terms of 9 years in the penitentiary. On February 8, 1980, the trial court denied defendant's motion to vacate the plea and defendant has appealed, contending the guilty plea was involuntary because the trial court denied his *pro se* motions for a bar association attorney and a continuance and failed, *sua sponte*, to admonish him about his constitutional right to proceed *pro se* as his own attorney.

When defendant's case was called, the following colloquy took place:

"Mr. BELL [assistant public defender]: * * * Mr. Clark presented to me this morning in the lockup of this courtroom a written motion. I indicated to Mr. Clark, at that time, I would not file that motion on his behalf. And he indicated that he wanted to file it in any event.

THE COURT: You are not making this motion, is that correct?

Mr. BELL: No.

* * *

THE COURT: Motion for subpoena will be denied.

THE DEFENDANT: I also have this one.

THE COURT: Motion for bar association attorney; that motion is denied. Anything else?

THE DEFENDANT: I would like, on the record, the Public Defender and I have a communication problem, and I don't think I can get a fair trial.

THE COURT: Motion for bar association attorney is denied. All right.

You say you have a communication problem. What else do you have to say?

THE DEFENDANT: That is all.

THE COURT: Motion is denied. Anything further, now, before we start Jury selection?"

Mr. Bell then informed the court that defendant also had a list of the witnesses he wanted to call in his behalf, but defendant had left the list at the county jail; therefore defendant requested a continuance. The court denied this motion. When defendant began to interpose an objection, the court advised him to talk to his lawyer first.

Following a discussion off the record, the court was informed that there had been a conference with the State's Attorney regarding a negotiated disposition, and the court was requested to participate in a pretrial conference. After the court confirmed that it was defendant's wish that there be such a conference, the court admonished defendant that he had an absolute right to have a trial and told defendant that the court did not want defendant to feel coerced. Defendant responded, "I understand what you are telling me." After further admonitions defendant confirmed several times that he understood the proceedings and wished the conference to go forward.

Following the conference, defense counsel stated that there had been an agreement that in exchange for the plea of guilty the State would *nolle prosequi* two other cases, and the court dismissed those charges. The court, in compliance with Supreme Court Rule 402 (73 Ill. 2d R. 402) proceeded to admonish defendant concerning his rights, elicited a factual basis for the plea, accepted the plea and in accordance with the plea agreement previously reached sentenced defendant to concurrent terms of 9 years in the penitentiary.

Defendant first contends that the trial court was required, under the circumstances presented, to advise defendant that he had a right to represent himself under *Faretta v. California* (1975), 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525. Defendant points out that he had previously been represented by the public defender, who had withdrawn. He was then represented by two attorneys from a private law firm, who also

withdrew. From this, defendant argues he had difficulties getting along with his lawyers. Given the additional circumstances that the court denied defendant's request for a continuance and his *pro se* motion for a bar association attorney, defendant concludes that the plea of guilty was not voluntary.

■■ We find no abuse in the trial court's denial of a continuance under these circumstances. (*People v. Hahn* (1980), 82 Ill. App. 3d 173, 402 N.E.2d 895.) With respect to defendant's request for a bar association lawyer, we think this court could have concluded that like the request for continuance this was a dilatory tactic by defendant to delay his trial. (*Cf. People v. Rivers* (1978), 61 Ill. App. 3d 376, 377 N.E.2d 1245.) In this regard we note that defendant's case had been pending for about 18 months before entry of the plea.

■■ ■ We also conclude that, in the absence of any indication by defendant that he wished to discharge counsel and represent himself, the court was not required to admonish him concerning his rights to proceed *pro se* and to act as his own counsel. It is true that when a defendant expresses the desire to discharge counsel, the court must admonish him of his right to counsel as required by Supreme Court Rule 401(a) to insure that defendant's waiver of counsel is made with knowledge of the consequences. (Ill. Rev. Stat. 1979, ch. 110A, par. 401(a); *People v. Johnson* (1979), 75 Ill. 2d 180, 387 N.E.2d 688.) However, we do not agree that the converse is true, that the court must advise a defendant of his constitutional right to proceed *pro se* as his own attorney where defendant has not requested such a right. *Snead v. State* (1979), 286 Md. 122, 406 A.2d 98, cited by defendant, is distinguishable, since in that case, the accused specifically requested to proceed without counsel. In *State v. Garcia* (1979), 92 Wash. 2d 647, 600 P.2d 1010, cited by the State, the court found *Faretta* does not require that the trial court admonish defendant concerning his right to proceed *pro se* without counsel unless the defendant actually requests to be allowed to proceed *pro se*, and the court was under no obligation to advise him of his rights in this regard. In this case, defendant did not request to represent himself. (*Cf. People v. Bell* (1977), 49 Ill. App. 3d 140, 145, 363 N.E.2d 1202.) We find that the court's failure to admonish defendant of his right to proceed *pro se* was not error. (*People v. Slaughter* (1980), 84 Ill. App. 3d 88, 93, 404 N.E.2d 1058.) Furthermore, we have examined the record which affirmatively shows defendant's plea was voluntarily and intelligently made. *People v. Wills* (1975), 61 Ill. 2d 105, 110-11, 330 N.E.2d 505.

Therefore, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.