STATE OF CONNECTICUT *v.* ELTON H. CARTER
(12645)

PETERS, C. J., HEALEY, SHEA, DANNEHY and F. HENNESSY, Js.

Argued June 10—decision released July 29, 1986

*Andrew B. Bowman,* for the appellant (defendant).

*Christopher Malany,* deputy assistant state's attorney, with whom, on the brief, were *Eugene J. Callahan,* state's attorney, *Harry Weller,* special state's attorney, and *David Cohen,* assistant state's attorney, for the appellee (state).

PETERS, C. J. The dispositive issue on this appeal is whether the defendant properly invoked his constitutional right to represent himself at the trial of the criminal charges against him. The defendant, Elton Carter, was convicted by a jury of one count of attempted murder, in violation of General Statutes §§ 53a-49 (a)[1] and

---

[1] "[General Statutes] Sec. 53a-49. CRIMINAL ATTEMPT: SUFFICIENCY OF CONDUCT; RENUNCIATION AS DEFENSE. (a) A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for com-

53a-54a (a),[2] one count of assault in the first degree, in violation of General Statutes § 53a-59,[3] and one count of reckless endangerment in the first degree, in violation of General Statutes § 53a-63,[4] and sentenced to

mission of the crime he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in the course of conduct planned to culminate in his commission of the crime."

[2] "[General Statutes] Sec. 53a-54a. MURDER DEFINED. AFFIRMATIVE DEFENSES. EVIDENCE OF MENTAL CONDITION. CLASSIFICATION. (a) A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person or causes a suicide by force, duress or deception; except that in any prosecution under this subsection, it shall be an affirmative defense that the defendant committed the proscribed act or acts under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be, provided nothing contained in this subsection shall constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the first degree or any other crime."

[3] "[General Statutes] Sec. 53a-59. ASSAULT IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument; or (2) with intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such injury to such person or to a third person; or (3) under circumstances evincing an extreme indifference to human life he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person.

"(b) Assault in the first degree is a class B felony provided any person found guilty under subdivision (1) of subsection (a) shall be sentenced to a term of imprisonment of which five years of the sentence imposed may not be suspended or reduced by the court."

[4] "[General Statutes] Sec. 53a-63. RECKLESS ENDANGERMENT IN THE FIRST DEGREE: CLASS A MISDEMEANOR. (a) A person is guilty of reckless endangerment in the first degree when, with extreme indifference to human life, he recklessly engages in conduct which creates a risk of serious physical injury to another person.

"(b) Reckless endangerment in the first degree is a class A misdemeanor."

imprisonment for an effective term of twenty years. The defendant appeals from this judgment. We find no error.

The jury might reasonably have found the following facts. The defendant was an employee of Phillips Dental Systems in Stamford. On the morning of November 18, 1983, he refused to begin his work at the plant unless and until he had been afforded an opportunity to discuss the conditions of his employment and a contemplated pay raise with the company's personnel manager. Since the personnel manager had not yet arrived at the plant, the defendant was told by the operations manager either to begin working, pending the personnel manager's arrival, or to go home. Instead, the defendant entered the company's executive office area. The operations manager followed the defendant. Thereupon, the defendant shot the operations manager, and later beat him with a crowbar. He also shot two other individuals who were in the area. Immediately after these events, the defendant left the company facilities in his own car. He stopped at the Mill River to throw away the gun that he had been using. Driving to the home of a friend, he talked with her for some hours and then voluntarily surrendered to the police.

At trial, the defense was insanity. Rejecting this defense, the jury found the defendant guilty on three of the four counts with which he had been charged. The trial court denied the defendant's motions for acquittal.

On appeal, the defendant claims that the trial court erred in two respects, in its instructions to the jury on the issue of insanity and in its denial of the defendant's constitutional right to represent himself. Neither claim is sustainable on the record of this case.

The defendant asks us to review the trial court's instructions on insanity even though, at trial, he requested no specific instruction on insanity and failed

to except to the instruction that was given. He concedes that the trial court's instruction included a charge on insanity that incorporated the definition of insanity set forth in our statute; General Statutes § 53a-13 (a);[5] but claims that the instruction was erroneous because of its inclusion of extraneous considerations not encompassed within the statutory definition. We have only recently considered the question of whether such a claim is reviewable when it was not properly raised at trial, and we have determined that it is not. Practice Book §§ 854, 3063;[6] *State* v. *Carter,* 198 Conn. 386, 396–97, 503 A.2d 576 (1986); *State* v. *Jackson,* 198 Conn. 314, 320–21, 502 A.2d 865 (1986); *State* v. *Harman,* 198 Conn. 124, 134, 502 A.2d 381 (1985); *State* v. *Hinckley,* 198 Conn. 77, 87, 502 A.2d 388 (1985). The only factor that possibly distinguishes the defendant's case from these precedents is that he was tried at a time when the burden of proving insanity had been shifted, by statute, to the defendant; see General Statutes § 53a-13; Public Acts 1983, No. 83-486, § 1; whereas previously the state had borne the burden of

[5] "[General Statutes] Sec. 53a-13. LACK OF CAPACITY DUE TO MENTAL DISEASE OR DEFECT AS AFFIRMATIVE DEFENSE. (a) In any prosecution for an offense, it shall be an affirmative defense that the defendant, at the time he committed the proscribed act or acts, lacked substantial capacity, as a result of mental disease or defect, either to appreciate the wrongfulness of his conduct or to control his conduct within the requirements of the law."

[6] "[Practice Book] Sec. 854. ——TIME FOR INSTRUCTIONS AND EXCEPTIONS

"The judicial authority shall deliver the instructions to the jury after the closing arguments. Immediately after the conclusion of the charge to the jury, counsel taking exception shall, out of the presence of the jury, state distinctly the matter objected to and the ground of the exception. The appellate court shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or an exception has been taken immediately after the charge is delivered by the party appealing."

"[Practice Book] Sec. 3063. ERRORS CONSIDERED

"The supreme court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The supreme court may in the interests of justice notice plain error not brought to the attention of the trial court."

proving a defendant's sanity. For present purposes, this is a distinction without a difference.

The defendant's claim that he was denied his constitutional right to self-representation equally founders on the lack of a proper foundation in the record. At trial, the defendant repeatedly expressed his dissatisfaction with the representation that he was receiving from his public defender. He asked that this attorney be dismissed and that a special public defender be appointed. He expressed his concern that his public defender was not properly examining prosecution witnesses so as to expose the alleged falsity of their testimony, and complained that the public defender did not want him to testify. In the course of that colloquy with the court, he stated: "I am misrepresented and now I have to represent myself." A few moments later, after the trial court had asked the defendant to be seated so that the trial could begin, the defendant reiterated, "I'll have to represent myself." Although he subsequently reiterated his desire to question a witness, that request was again couched in terms of his request for a different public defender. Thereafter, he raised no further objections to the adequacy of his representation and did avail himself of his right to testify on his own behalf.

There is no doubt that a defendant has a right under both the state and the federal constitutions[7] to represent himself at his criminal trial. *Faretta* v. *Califor-*

---

[7] The constitution of Connecticut, article first, § 8, provides in relevant part: "In all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel . . . ."

The constitution of the United States, amendment six, provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

*nia,* 422 U.S. 806, 819, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975); *State* v. *Gethers,* 197 Conn. 369, 376, 497 A.2d 408 (1985) *(Gethers II)*; *State* v. *Gethers,* 193 Conn. 526, 533, 480 A.2d 435 (1984) *(Gethers I)*; *State* v. *Johnson,* 185 Conn. 163, 178, 440 A.2d 858 (1981), aff'd, 460 U.S. 73, 103 S. Ct. 969, 74 L. Ed. 2d 823 (1983); *State* v. *Beaulieu,* 164 Conn. 620, 630, 325 A.2d 263 (1973); see also Practice Book § 961.[8] The constitutional right of self-representation depends, however, upon its invocation by the defendant in a clear and unequivocal manner. *Faretta* v. *California,* supra, 835; *Raulerson* v. *Wainwright,* 732 F.2d 803, 808 (11th Cir.), cert. denied, 469 U.S. 966, 105 S. Ct. 366, 83 L. Ed. 2d 302 (1984); *Moreno* v. *Estelle,* 717 F.2d 171, 174 (5th Cir. 1983), cert. denied sub nom. *Moreno* v. *McKaskle,* 466 U.S. 975, 104 S. Ct. 2353, 80 L. Ed. 2d 826 (1984); *United States* v. *Bennett,* 539 F.2d 45, 50 (10th Cir.), cert. denied, 429 U. S. 925, 97 S. Ct. 327, 50 L. Ed. 2d 293 (1976); *State* v. *Gethers (Gethers II),* supra, 377–78; *State* v. *Hanson,* 138 Ariz. 296, 300, 674 P.2d 850 (1983); *People* v. *Windham,* 19 Cal. 3d 121, 127–28, 560 P.2d 1187, 137 Cal. Rptr. 8, cert. denied, 434 U.S. 848, 98 S. Ct. 157, 54 L. Ed. 2d 116, reh. denied, 434 U.S. 961, 98 S. Ct. 495, 54 L. Ed. 2d 322 (1977); *Hooks* v. *State,* 416 A.2d 189, 197 (Del. 1980);

---

[8] "[Practice Book] Sec. 961. ——WAIVER

"A defendant shall be permitted to waive his right to counsel and shall be permitted to represent himself at any stage of the proceedings, either prior to or following the appointment of counsel. A waiver will be accepted only after the judicial authority makes a thorough inquiry and is satisfied that the defendant:

"(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

"(2) Possesses the intelligence and capacity to appreciate the consequences of the decision to represent himself;

"(3) Comprehends the nature of the charges and proceedings, the range of permissible punishments, and any additional facts essential to a broad understanding of the case; and

"(4) Has been made aware of the dangers and disadvantages of self-representation."

*Raulerson* v. *State,* 437 So. 2d 1105, 1107 (Fla. 1983); *Russell* v. *State,* 270 Ind. 55, 61, 383 N.E.2d 309 (1978); *State* v. *Hegwood,* 345 So. 2d 1179, 1182 (La. 1977); *State* v. *Crafts,* 425 A.2d 194, 196 (Me. 1981); *Leonard* v. *State,* 302 Md. 111, 124, 486 A.2d 163 (1985); *Commonwealth* v. *Miller,* 6 Mass. App. 959, 960, 383 N.E.2d 1144 (1978); *State* v. *Barham,* 126 N.H. 631, 638–39, 495 A.2d 1269 (1985); *Gregory* v. *State,* 628 P.2d 384, 387 (Okla. 1981); *State* v. *Fritz,* 21 Wash. App. 354, 360, 585 P.2d 173 (1978); *State* v. *Sheppard,* 310 S.E.2d 173, 187–89 (W. Va. 1983).

In the absence of a clear and unequivocal assertion of the right to self-representation, a trial court has no independent obligation to inquire into the defendant's interest in representing himself, because the right of self-representation, unlike the right to counsel, is not a critical aspect of a fair trial, but instead affords protection to the defendant's interest in personal autonomy. *State* v. *Hanson,* supra, 300; *People* v. *Salazar,* 74 Cal. App. 3d 875, 888–89, 141 Cal. Rptr. 753 (1977); *People* v. *Clark,* 94 Ill. App. 3d 295, 297, 418 N.E.2d 891 (1981); *Russell* v. *State,* supra, 60; *State* v. *Burgin,* 539 S.W.2d 652, 653–54 (Mo. App. 1976); *Block* v. *State,* 95 Nev. 933, 936, 604 P.2d 338 (1979); *State* v. *Hutchins,* 303 N.C. 321, 337–38, 279 S.E.2d 788 (1981).[9] When a defendant's assertion of the right to self-representation is not clear and unequivocal, recog-

---

[9] By contrast, once there has been an unequivocal request for self-representation, a court must undertake an inquiry, on the record, to inform the defendant of the risks of self-representation and to permit him to make a knowing and intelligent waiver of his right to counsel. Practice Book § 961; *Faretta* v. *California,* 422 U.S. 806, 835, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975); *United States* v. *Bailey,* 675 F.2d 1292, 1299–1300 (D.C. Cir.), cert. denied sub nom. *Walker* v. *United States,* 459 U.S. 853, 103 S. Ct. 119, 74 L. Ed. 2d 104 (1982); *United States* v. *Welty,* 674 F.2d 185, 188–89 (3d Cir. 1982); *United States* v. *Aponte,* 591 F.2d 1247, 1249–50 (9th Cir. 1978); *United States* v. *Dujanovic,* 486 F.2d 182, 186 (9th Cir. 1973); *United States* v. *Plattner,* 330 F.2d 271, 276 (2d Cir. 1964); see also American Bar Association Standards for Criminal Justice (2d Ed. 1980) Standard 5-7.2.

nition of the right becomes a matter entrusted to the exercise of discretion by the trial court. *State* v. *Irving,* 231 Kan. 258, 265, 644 P.2d 389 (1982); *State* v. *Burgin,* supra, 654; *State* v. *Sheppard,* supra, 187. In the exercise of that discretion, the trial court must weigh into the balance its obligation to "indulge in every reasonable presumption against waiver" of the right to counsel. *Brewer* v. *Williams,* 430 U.S. 387, 404, 97 S. Ct. 1232, 51 L. Ed. 2d 424 (1977).

The record in this case fails to establish a clear and unequivocal invocation of the defendant's right to represent himself. The record demonstrates, instead, the defendant's dissatisfaction with appointed counsel's conduct during the early phases of the trial, and the defendant's misconception of the normal sequence of the presentation of evidence by the state and the defendant. A trial court, faced with the responsibility of reconciling a defendant's inherently inconsistent rights to self-representation and to counsel, is entitled to await a definitive assertion of a request to proceed pro se. Any other ruling would permit a defendant on appeal to claim a violation of his rights whether he defended himself or was represented by an attorney. *Meeks* v. *Craven,* 482 F.2d 465, 467 (9th Cir. 1973); *State* v. *Hanson,* supra, 300. Courts in other jurisdictions have therefore been unwilling to find a clear and unequivocal assertion of the right of self-representation in such ambiguous circumstances. *Moreno* v. *Estelle,* supra, 175–76; *People* v. *Salazar,* supra, 889; *Russell* v. *State,* supra, 61; *State* v. *Burgin,* supra, 654; *State* v. *Hutchins,* supra, 339. The trial court in this case responded to the defendant's concerns by providing explanations concerning trial procedures and by offering the defendant repeated opportunities for further consultations with counsel. The defendant's apparent acquiescence in the continuation of the trial with

appointed counsel demonstrates that the trial court did not abuse its discretion in its conduct of the defendant's case.

There is no error.

In this opinion the other justices concurred.