STATE OF CONNECTICUT *v.* CARMEN CASADO
(15039)

Foti, Landau and Spear, Js.

Argued May 1—officially released July 30, 1996

Glenn W. Falk, special public defender, with whom, on the brief, was Donald D. Dakers, special public defender, for the appellant (defendant).

Leon F. Dalbec, Jr., assistant state's attorney, with whom, on the brief, were Donald A. Browne, state's attorney, and Joseph J. Harry, assistant state's attorney, for the appellee (state).

SPEAR, J. The defendant appeals from the judgment of conviction rendered by the trial court after accepting the defendant's plea of nolo contendere to the charges of assault in the first degree in violation of General Statutes § 53a-59 (a) (3) and risk of injury to a child in violation of General Statutes § 53-21. On appeal, she claims that the trial court improperly (1) accepted the defendant's plea without first ascertaining whether the defendant understood the elements of the charged offenses, (2) failed to appoint new counsel and to conduct an evidentiary hearing on the defendant's motion to withdraw her plea, and (3) sentenced the defendant without either appointing new counsel or making a thorough inquiry pursuant to Practice Book § 961.[1]

---

[1] Practice Book § 961 provides: "A defendant shall be permitted to waive his right to counsel and shall be permitted to represent himself at any stage of the proceedings, either prior to or following the appointment of counsel. A waiver will be accepted only after the judicial authority makes a thorough inquiry and is satisfied that the defendant:

"(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

"(2) Possesses the intelligence and capacity to appreciate the consequences of the decision to represent himself;

"(3) Comprehends the nature of the charges and proceedings, the range of permissible punishments, and any additional facts essential to a broad understanding of the case, and

"(4) Has been made aware of the dangers and disadvantages of self-representation."

The record and transcripts reveal the following relevant facts and procedural history. The defendant was charged with one count of assault in the first degree in violation of General Statutes § 53a-59 (a) (1), one count of assault in the first degree in violation of General Statutes § 53a-59 (a) (3), and two counts of risk of injury to a child in violation of General Statutes § 53-21. On January 18, 1995, the defendant, just prior to the commencement of jury selection, withdrew all prior pleas and entered a plea of nolo contendere to the charge of assault in the first degree and one count of risk of injury to a child.

The state offered the following factual basis for the plea. On March 1, 1994, the defendant and a codefendant took physical custody of the four year old victim who was in good health. During the following thirty days, the victim was assaulted with either a belt or a stick causing injuries to her left eye, back, stomach, chest and leg. The victim also suffered internal injuries caused by blunt trauma to the stomach, which injured her pancreas. The victim's left eye was completely swollen, and her fingers were burned by cigarettes. The victim's grandmother and the emergency room doctor would have testified to the defendant's participation in the physical assault of the victim.

The trial court accepted the defendant's plea after conducting a plea canvass pursuant to Practice Book §§ 711 through 713 and determining that the plea was entered knowingly, voluntarily, and intelligently.

At her March 30, 1995 sentencing hearing, the defendant moved to withdraw her plea of nolo contendere claiming that she had been pressured by her attorney to enter the plea. Her attorney told the court that the defendant no longer wanted him to represent her and suggested that another attorney be appointed, and that an evidentiary hearing be conducted on her motion to

withdraw the plea. The trial court denied the request for a hearing and ruled: "Your motion to allow the defendant to withdraw the plea, which I guess includes a motion to allow you to withdraw as counsel are both denied." After conferring with the defendant, defense counsel again told the court that the defendant did not want him to make any comments at that hearing. After the defendant addressed the trial court personally at the hearing, the court imposed a total effective sentence of twenty-five years. This appeal followed.

Additional facts will be provided where relevant to specific claims.

I

The defendant first claims that the trial court improperly accepted her plea without first ascertaining whether she understood the elements of the four charged offenses.

Our review of the record reveals that this issue was not raised before the trial court. The defendant did not raise the issue at the time that she entered her plea, and, although she subsequently moved to withdraw her plea, that motion was not based on a claim that she did not understand the elements of the charged offenses. "Ordinarily, we will not review a claim that was not distinctly raised before the trial court." *State* v. *Rogers*, 38 Conn. App. 777, 787, 664 A.2d 291, cert. denied, 235 Conn. 918, 665 A.2d 610 (1995). Moreover, the defendant has not requested that we review this claim pursuant to *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). "In the absence of such a request, we have, in the past, declined to review a defendant's claim under similar circumstances." *State* v. *Rogers*, supra, 787; see *State* v. *Hermann*, 38 Conn. App. 56, 65, 658 A.2d 148, cert. denied, 235 Conn. 903, 665 A.2d 904 (1995); *State* v. *Johnson*, 26 Conn. App. 433, 438, 602 A.2d 36, cert.

denied, 221 Conn. 916, 603 A.2d 747 (1992). We decline, therefore, to review the claim.

## II

The defendant next asserts that the trial court was required to appoint new counsel and to conduct an evidentiary hearing after the defendant moved to withdraw her plea on the ground that her attorney had pressured her into entering the plea. We disagree.

At the sentencing hearing, defense counsel indicated that the defendant did not want him to make any further comments on her behalf. The trial court proceeded to sentence the defendant without conducting an evidentiary hearing on the motion to withdraw the plea.

Practice Book § 720 provides that "[a] defendant may withdraw [her] plea of . . . nolo contendere as a matter of right until the plea has been accepted." That section further provides that after acceptance of the plea but prior to the imposition of sentence, the court "shall allow the defendant to withdraw [her] plea upon proof of one of the grounds in Sec. 721." A plea entered into involuntarily entitles a defendant to withdraw such plea pursuant to § 721 (1).

The mere assertion by the defendant that the plea was involuntary, however, does not entitle her to withdraw the plea, nor does it require the trial court to conduct an evidentiary hearing on the motion to withdraw. In fact, "[t]he court may disregard any allegations of fact, whether contained in the motion or made in an offer of proof, which are either conclusory, vague or oblique." *State* v. *Torres*, 182 Conn. 176, 185, 438 A.2d 46 (1980). Rather, "[f]or the purpose of determining whether to hold an evidentiary hearing [on a motion to withdraw], the court should ordinarily assume any specific allegations of fact to be true. If such allegations furnish a basis for withdrawal of the plea under § 721

and are not conclusively refuted by the record of the plea proceedings and other information contained in the court file, then an evidentiary hearing is required." Id., 185–86; see also *State* v. *Watson*, 198 Conn. 598, 612–13, 504 A.2d 497 (1986). Nevertheless, "[a]n evidentiary hearing is not required *if the record of the plea proceeding and other information in the court file conclusively establishes that the motion is without merit.*" (Emphasis added.) *State* v. *Torres*, supra, 185; see also *Fontaine* v. *United States*, 411 U.S. 213, 215, 93 S. Ct. 1461, 36 L. Ed. 2d 169 (1973).

The defendant moved to withdraw her plea of nolo contendere on the ground that her attorney had pressured her into entering the plea, a ground for withdrawal recognized in § 721. The defendant further asserts that her allegation that the plea was not voluntary was not conclusively refuted by the record, and, therefore, the trial court was required to conduct an evidentiary hearing. Having thoroughly examined the record of the plea proceeding, we conclude that the canvass conclusively establishes that the defendant's motion to withdraw her plea is without merit.

At the plea proceeding, the trial court instructed the defendant: "Now, I'm going back to my original question because *under no circumstances will I accept a plea if you believe you're being forced into this.* You have the option of going to trial and defending the charges or going forward and entering the plea that you are— you've signed, which is a no contest plea, nolo contendere. Now, if you wish to go forward with the trial, we'll do that. I will suspend my questioning of you, and we can start with jury selection. If you want to plead nolo contendere, which means you don't want to fight the charges, then I have to know that now." (Emphasis added.) After the trial court warned the defendant two additional times that it would not accept an involuntary plea, and after the defendant indicated that she was

not forced to enter the plea,[2] the trial court accepted the plea of nolo contendere.

A trial court "may properly rely on . . . the responses of the [defendant] at the time [she] responded to the trial court's plea canvass . . . ." *Bowers* v. *Warden*, 19 Conn. App. 440, 443, 562 A.2d 588, cert. denied, 212 Conn. 817, 565 A.2d 534 (1989); see also *State* v. *Williams*, 203 Conn. 159, 170, 523 A.2d 1284 (1987). After the trial court informed the defendant numerous

---

[2] The colloquy at the plea proceeding continued:

"[Defense Counsel]: You want to continue with the plea?

"The Defendant: Yes.

"[Defense Counsel]: Your Honor, she's indicated that she does want to continue with the plea.

"The Court: All right, *But I just want to be very clear, Miss Casado, because I want to be fair to you, that you're doing this voluntarily and willingly, intelligently, freely, and without any force or coercion, and I'm going to ask you some more questions. But as soon as I get a feeling or impression, rather, from you that you're being forced into this, I will not allow that to happen to you or any defendant.* I don't care what the charge is. That's not the way our system works. You have a right to participate in the selection of that jury with your lawyer. And I'm not going to allow anyone to deprive you of that right. On the other hand, you also have the right to plead guilty or to enter a no contest plea, you have that right as well. Do you understand?

"The Defendant: Yes, Your Honor.

\* \* \*

"The Court: Do you understand that by entering this plea of no contest, once I am satisfied after I ask you some more questions, which I still haven't done, but I will do in a little while, *but once I accept it and I am satisfied that you're doing this voluntarily and freely and intelligently and without any force from anybody,* that I will find you guilty of assault in the first degree and risk of injury, which are two felonies. Do you understand that?

"The Defendant: Yes, Your Honor.

\* \* \*

"The Court: And, has anyone threatened you to plead guilty or to enter a no contest plea?

"The Defendant: No.

*"The Court: Is anyone forcing you to enter a no contest plea?*

*"The Defendant: No.*

"The Court: Is anyone promising you anything in exchange for your no contest plea?

"The Defendant: No." (Emphasis added.)

times that it would not accept a plea that was not entered into "voluntarily and willingly . . . without any force or coercion," the defendant represented that she was not forced into entering her plea. The trial court properly relied on these representations in accepting the plea. We conclude that the plea proceeding refutes her claim that she was forced into entering her plea, and, therefore, the trial court was not required to conduct an evidentiary hearing.

Nor was the trial court required to appoint new counsel for the defendant before considering her motion to withdraw the plea. The constitutional right to counsel does not necessarily include the unbridled right to discharge counsel and have new counsel appointed. "While a criminal defendant's right to be represented by counsel implies a degree of freedom to be represented by counsel of [the] defendant's choice . . . this guarantee does not grant a defendant an unlimited opportunity to obtain alternate counsel . . . ." (Citations omitted; internal quotation marks omitted.) *Sekou* v. *Warden,* 216 Conn. 678, 686, 583 A.2d 1277 (1990), quoting *State* v. *Gonzalez,* 205 Conn. 673, 683, 535 A.2d 345 (1987); *State* v. *Lee,* 32 Conn. App. 84, 101, 628 A.2d 1318 (1993), cert. denied, 227 Conn. 924, 632 A.2d 702, cert. denied, 510 U.S. 1202, 114 S. Ct. 1319, 127 L. Ed. 2d 668 (1993). Moreover, where a defendant seeks " 'a last minute discharge of counsel there must exist exceptional circumstances.' " *State* v. *Drakeford,* 202 Conn. 75, 83–84, 519 A.2d 1194 (1987), quoting *United States* v. *Grow,* 394 F.2d 182, 209 (4th Cir.), cert. denied, 393 U.S. 840, 89 S. Ct. 118, 21 L. Ed. 2d 111 (1968). "A court need not permit the replacement of counsel upon a defendant's mere whimsical demand and certainly not where it is evident that a professed disenchantment with his lawyer is a subterfuge to secure an unwarranted delay . . . ." (Internal quotation marks omitted.) *Sekou* v.

*Warden,* supra, 686–87; see also *State* v. *Beaulieu,* 164 Conn. 620, 629, 325 A.2d 263 (1973).

The trial court is bestowed with broad discretion in determining whether the circumstances warrant the appointment of new counsel. *Sekou* v. *Warden,* supra, 216 Conn. 686; *State* v. *Drakeford,* supra, 202 Conn. 83; *State* v. *Lee,* supra, 32 Conn. App. 101. "[A]bsent a factual record revealing an abuse of that discretion, the court's failure to allow new counsel is not reversible error." *State* v. *Drakeford,* supra, 83.

The record in this case reveals that the court acted within its discretion in not appointing new counsel prior to considering the defendant's motion to withdraw the plea. The defendant's reason for requesting the replacement of counsel was to enable her new counsel to examine her present counsel regarding the alleged pressure that he exerted on her. The trial court's refusal to hold an evidentiary hearing mooted the defendant's stated reason for needing new counsel. We conclude, therefore, that the trial court acted properly in not permitting the replacement of counsel prior to considering the motion.

### III

In her last claim, the defendant asserts that the trial court improperly sentenced her without either appointing new counsel or making a thorough inquiry pursuant to Practice Book § 961.[3] Specifically, she argues that the trial court, having not appointed new counsel, should have made a determination as to the voluntariness of the plea and issued an instruction as to the dangers and disadvantages of proceeding without the assistance of counsel.

At the sentencing hearing, defense counsel indicated that the defendant "emphatically does not want me to

[3] See footnote 1.

go forward to represent her at this sentencing hearing" and "does not want me to speak on her behalf." On the basis of the defendant's wishes, he moved to withdraw. The trial court, in denying his request to withdraw as counsel, ruled that "[t]his matter will proceed today to sentencing." The court then instructed defense counsel: "I give you a moment right now to see if your client wishes to allow you to address the court at the sentencing hearing, or wishes to address the court herself, or chooses that neither you nor she address the court at this sentencing hearing which will go forward today." After a brief discussion with the defendant, defense counsel informed the court that "[the defendant] does not want me making any comments at this hearing; however, she does have some comments that she would like to make to the court." Before imposing sentence, the court instructed the defendant: "Now, you've been at liberty prior to that date [when the plea was entered], and since that date two months and twelve days of time have expired . . . . There's no new counsel filing any appearances. If you were going to hire new counsel, you had ample opportunity to do so."

The defendant first asserts that prior to sentencing, the trial court should have appointed new counsel. As fully discussed in part II of this opinion, the determination as to whether circumstances warrant the appointment of new counsel rests solely within the trial court's discretion. *State* v. *Crenshaw*, 210 Conn. 304, 314, 554 A.2d 1074 (1989); *State* v. *Lee*, supra, 32 Conn. App. 101. At the sentencing hearing, the trial court noted that the defendant had over two months since the date of the plea proceeding to obtain new counsel. The defendant's failure to do so during this period of time, and her decision to wait until the hearing to request a change evinces an intent to delay the proceedings. The trial court, therefore, properly exercised its discretion

in denying the request for the appointment of new counsel.

The defendant next argues that the trial court, having denied the request for new counsel, should have inquired as to the voluntariness of the defendant's waiver of counsel and issued an instruction about the dangers and disadvantages of proceeding without the assistance of counsel. Her argument, however, is premised on the belief that she had effectively waived counsel by instructing her attorney not to make any comments on her behalf. This belief is unwarranted.

"The constitutional right of self-representation depends . . . upon its invocation by the defendant in a clear and unequivocal manner. . . . *In the absence of a clear and unequivocal assertion of the right to self-representation, a trial court has no independent obligation to inquire into the defendant's interest in representing himself,* because the right of self-representation, unlike the right to counsel, is not a critical aspect of a fair trial, but instead affords protection to the defendant's interest in personal autonomy. . . . When a defendant's assertion of the right to self-representation is not clear and unequivocal, recognition of the right becomes a matter entrusted to the exercise of discretion by the trial court. . . . In the exercise of that discretion, the trial court must weigh into the balance its obligation to indulge in every reasonable presumption *against* waiver of the right to counsel." (Citations omitted; internal quotation marks omitted.) *State* v. *Carter*, 200 Conn. 607, 611–14, 513 A.2d 47 (1986).

The record in this case fails to establish that the defendant clearly and unequivocally invoked her right to waive counsel and, thus, to represent herself. After a brief discussion with the defendant, defense counsel indicated that the defendant did not want him "making any comments at this hearing; however, she does have

some comments that she would like to make to the court." Such a statement does not constitute a clear waiver of her right to counsel. "A trial court, faced with the responsibility of reconciling a defendant's inherently inconsistent rights to self-representation and to counsel, is entitled to await a definitive assertion of a request to proceed pro se. Any other ruling would permit a defendant on appeal to claim a violation of his rights whether he defended himself or was represented by an attorney." Id., 614.

Because the defendant did not definitively assert a request to proceed pro se, we conclude that the defendant had representation at the time she was sentenced. As such, the court was not obligated to make an inquiry pursuant to Practice Book § 961.

The judgment is affirmed.

In this opinion the other judges concurred.