[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, Miguel Rodriguez, was ineffective in assisting him in that he (1) advised him that there was no basis for a self-defense claim; (2) failed to advise him that the plea agreement was for ten (10) years execution suspended after eight (8) years when he understood the plea agreement to be ten (10) years execution suspended after five (5) years; and (3) pressured him to plead; and in the second count that he didn't understand that, in pleading guilty in the Alford Doctrine, he would receive a sentence of up to eight (8) years.
The petitioner called himself and his trial attorney as witnesses. The petitioner testified that he shot the victim because he had heard that the victim set fire to the home where petitioner and his wife and children lived. The fire happened at 2:00 a.m. and was put out by the neighbors except that a two car detached garage collapsed because of it. The petitioner had arrived home about 8:00 a.m. after the fire department and police had already left. He went across the street after taking his gun with him and confronted the victim whom he then shot. He remembered having given the same version to the police and signing the paper. He testified that his native language is Spanish and that the police spoke to him in English, a language that he has difficulty understanding. He stated that his lawyer CT Page 2569 told him that he did not have a defense and if he went to trial that he would lose. He believed and relied on his attorney but thought he would get a sentence of five (5) years and he first realized that he received an eight (8) year sentence when he got to the correction center. He doesn't remember whether an interpreter was present for his plea but believes he answered the judge's questions in English and he couldn't understand the interpreter at his sentencing because she spoke too fast. If he knew the sentence was for eight (8) years he would have proceeded to trial. His attorney did not advise him that he could appeal.
Mr. Rodriguez testified that he spoke to the petitioner in Spanish and learned that he had spent the whole evening with the live-in girlfriend of the victim at a hotel. When he returned home and determined that the victim had set his house on fire, he took his gun and went across the street and shot him. He spoke to the victim and to his girlfriend verifying the facts as given by the petitioner as to the shooting. He learned from the state that the petitioner's statement to the police was in English and signed and gave a copy to the petitioner. He determined that the victim was unarmed and told the petitioner that if he went to trial he would lose. He remembered that Judge Damiani thoroughly canvassed the petitioner and that the petitioner never told him that he wanted to go to trial. he had previous to the plea gone over the charges as to the minimum and maximum with the petitioner in Spanish. He didn't tell him that he had a right to appeal because he was satisfied with the plea.
Both the transcript of the plea, Respondent's Exhibit A, and of the sentencing, Respondent's Exhibit B, indicate that an interpreter was present. The petitioner went to plea on assault in the first degree, 53a-59 (a)(5), and being armed with a firearm in the Commission of a Class B felony, 53-202k, the maximum penalty of which was described as twenty-five (25) years of which five (5) years cannot be suspended or reduced. SeeRespondent's Exhibit A.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. The petitioner has failed to prove how the result would be different. He admitted to the police his involvement. Self-defense is not warranted for one who carries a gun against an unarmed victim and is the initial aggressor. State v.CT Page 2570Prioleau, 235 Conn. 274, 292. Mitigation is not available for one who causes physical injury particularly when he began the chain of provocation. The petitioner has failed to show counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 217 Conn. 352, 359. The petitioner was faced with a maximum sentence of twenty-five (25) years, five (5) of which could not be suspended or reduced. The petitioner, although he now claims that he was unaware, not only had the availability of a Spanish-speaking attorney but a thorough canvas with a Spanish interpreter present. The petitioner may have been disappointed that the sentence imposed was not reduced from the cap of eight years offered but he voiced no dissatisfaction to either the court or his counsel. Since the petitioner has failed to prove a ground for withdrawal of his plea pursuant to P.B. 39-19, State v. Casado, 42 Conn. App. 371,376, cert. denied, 239 Conn. 920, there is no merit to a claim for appeal.
For the above reasons the petition is denied.
 Thomas H. Corrigan Judge Trial Referee.