RICHARD QUINT *v.* COMMISSIONER OF
CORRECTION
(AC 26242)

Bishop, McLachlan and Rogers, Js.

---

Argued September 19, 2006—officially released January 30, 2007

*William S. Palmieri*, special public defender, for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *Matthew C. Gedansky*, state's attorney, and *Mark Hurley*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

ROGERS, J. The petitioner, Richard Quint, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. Following that denial, the court granted the petition for certification to appeal.[1] The petitioner claims that the court improperly denied the habeas corpus petition because

---

[1] See General Statutes § 52-470 (b).

he wrongfully was denied the right to self-representation during his criminal trial. We affirm the judgment of the habeas court.

The following undisputed facts and procedural history are relevant to the appeal. The petitioner was convicted after a jury trial of three counts of criminal violation of a protective order in violation of General Statutes § 53a-223 (a) and three counts of criminal trespass in the first degree in violation of General Statutes § 53a-107 (a) (2).[2] He received an effective sentence of six years imprisonment, execution suspended after five years, and three months of probation. The petitioner's convictions were upheld on appeal. See *State* v. *Quint*, 97 Conn. App. 72, 904 A.2d 216, cert. denied, 280 Conn. 924, 908 A.2d 1089 (2006).

On February 5, 2003, before his trial commenced, the petitioner appeared in court to be heard on some motions that he had filed pro se. Prior to that hearing, the petitioner had been appointed a public defender, who subsequently had been removed at the petitioner's request. The petitioner informed the court, *Holden, J.*, that he was being represented by attorney Thomas Bucci on a different file concerning charges unrelated to those underlying the present petition, but indicated that otherwise, he was without counsel. The following colloquy ensued:

"The Court: You intend to represent yourself. Is that your request of this court, sir?

"[The Petitioner]: At this point and time, yes.

"The Court: At this point and time? You wish to proceed for purposes of arguing these motions?

[2] The petitioner was acquitted of one charge of threatening in the second degree in violation of General Statutes § 53a-62 (a) (1). See *State* v. *Quint*, 97 Conn. App. 72, 74 n.1, 904 A.2d 216, cert. denied, 280 Conn. 924, 908 A.2d 1089 (2006).

"[The Petitioner]: Yes.

"The Court: You like that arena? And then following that, you wish to determine whether or not you wish to hire a lawyer?

"[The Petitioner]: There about, yes."

Thereafter, the court passed on the petitioner's motions until Bucci arrived, apparently to be heard in connection with the petitioner's other file. The petitioner's motions were addressed, with the petitioner acting as his own counsel and presenting argument. The court then inquired of Bucci whether he wanted to represent the petitioner on his other charges, i.e., those underlying the petition. Bucci agreed, albeit reluctantly.[3] The court concluded: "Thank you. All the matters, absent some other intervention, Mr. Bucci is representing [the petitioner's] interest as of today. He has had his day in arguing his own motions. He has done quite well." The petitioner remained silent during this exchange and as the court and counsel proceeded to discuss scheduling matters. When Bucci requested that discovery materials be directed to his office instead of the correctional facility where the petitioner was incarcerated, the petitioner did not object.

The petitioner's cases proceeded to trial before a different judge, *Cremins*, *J.* At no time during trial or sentencing did the petitioner inform that judge[4] that he

---

[3] The transcript reflects the following colloquy:
"The Court: Counsel, do you wish to be appointed to the other matters?
"[The Petitioner's Counsel]: I do not, Your Honor.
"The Court: Is that a yes?
"[The Petitioner's Counsel]: Yes, Your Honor.
"The Court: There you go.
"[The Petitioner's Counsel]: Thank you."

[4] According to Bucci, the petitioner similarly did not inform him that he wanted to proceed pro se until after his conviction. When questioned at the habeas hearing whether, following the hearing before Judge Holden, he had informed Bucci that he wanted to represent himself, the petitioner equivocated.

wanted to represent himself.[5] Ultimately, the petitioner was convicted and sentenced.

In an amended petition for a writ of habeas corpus filed July 23, 2004, the petitioner alleged that his confinement was unlawful because (1) Bucci was ineffective in failing to ensure that the petitioner be permitted to represent himself at trial, and (2) the petitioner was deprived of due process and the right to effective assistance of counsel because the trial court improperly failed to allow him to represent himself at trial.[6] A hearing was held at which the petitioner and Bucci testified, and the record of the petitioner's criminal trial was submitted as evidence.[7] Thereafter, the court, in an oral decision rendered December 2, 2004, denied the petition.

As to the claim alleging ineffective assistance of counsel, the court noted that the claim lacked allegations of Bucci's deficient performance or any resultant prejudice[8] and, therefore, that portion of the petition "would

[5] We note that the petitioner did attempt to file various motions during subsequent proceedings and, at some point, an appearance. Those motions did not include a motion to discharge Bucci as counsel. The petitioner's awareness of such an option, however, is evidenced by his motion to discharge his prior counsel, which was granted on November 6, 2002, and his eventual, postsentencing motion to discharge Bucci, which he filed on June 4, 2003.

As to the appearance form filed by the petitioner, we observe that it is date stamped March 27, 2003, which was after the petitioner's trial had concluded but prior to his sentencing. On that form, the petitioner indicated that his appearance was to be "in addition to" that of Bucci and not "in lieu of" it.

[6] The petitioner did not raise his second claim in the context of his direct appeal, which was pending at the time he filed the petition. See *State* v. *Quint*, supra, 97 Conn. App. 72. In answering the petition, the respondent commissioner of correction did not assert that the claim was procedurally defaulted.

[7] Specifically, the habeas court had before it transcripts of the pretrial and trial proceedings and certified copies of the trial court filings.

[8] In regard to prejudice, the petition stated simply that "[b]ut for Mr. Bucci's error, it is likely that the result in [the petitioner's criminal trial] would have been different."

not state a claim upon which relief could be granted."
According to the court, "[t]here is no allegation that
Mr. Bucci did anything other than an appropriate job
in representing the petitioner. There is no allegation of
any deficient performance, and there is no prejudice
alleged on the part of any deficient performance by
attorney Bucci. So, the court will find that even though
[the petitioner] might not have wanted to be repre-
sented by attorney Bucci, there's nothing that the attor-
ney did, nor is anything pleaded that the attorney did,
that was anything other than appropriate." The court
concluded that, as to the "two-pronged test of deficient
performance and prejudice to the petitioner[9] . . .
[n]either [was] alleged, [and] neither has been proven."[10]

The court concluded further that no relief could be
granted on the petitioner's claim that he "had a constitu-
tional right to represent himself and that by [the trial
court] not honoring that request . . . there has been
a due process violation . . . ." The court recognized

[9] See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.
Ed. 2d 674 (1984) (holding that in order for criminal defendant to prevail
on constitutional claim of ineffective assistance of counsel, he must establish
both deficient performance and actual prejudice).

[10] Because the petitioner in his appellate brief does not provide a distinct
analysis of his claim that Bucci's representation amounted to ineffective
assistance of counsel, we deem that claim abandoned. In any event, regard-
less of whether Bucci's failure to assist the petitioner in his purported quest
to represent himself at trial could be considered substandard performance,
it is clear that the court correctly concluded that the petitioner neither
alleged, nor proved, any prejudice flowing from that circumstance. Although
the petition averred that had Bucci ensured that the petitioner be permitted
to represent himself, the result of his trial "would have been different," he
presented no evidence to establish precisely how or that that difference
would have been a favorable one. See *McKaskle* v. *Wiggins*, 465 U.S. 168,
177 n.8, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984) ("right of self-representation
is a right that when exercised usually *increases* the likelihood of a trial
outcome unfavorable to the defendant" [emphasis added]); *Faretta* v. *Cali-
fornia*, 422 U.S. 806, 838, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975) ("fact of
the matter is that in all but an extraordinarily small number of cases an
accused will lose whatever defense he may have if he undertakes to conduct
the defense himself") (Burger, C. J., dissenting).

that such a right was established by United States Supreme Court jurisprudence; see *Faretta* v. *California*, 422 U.S. 806, 834, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975); and observed that Judge Holden, "implicit[ly]," had found that the petitioner had not waived his right to counsel in a knowing and intelligent manner. It concluded, however, that the question of "whether that was a proper action by the trial court [is] not before this habeas court." In so concluding, the court noted that it was unclear whether the petitioner's direct appeal of his underlying convictions, which was alluded to in the petition, still was ongoing. On the basis of the foregoing analysis, the court denied the petition. It thereafter granted certification to appeal, and this appeal followed.

The petitioner claims that the court improperly concluded that no relief could be granted on his petition. He argues that the right to proceed pro se is one guaranteed by both the Connecticut and federal constitutions, and, when a criminal defendant asserts that right, a trial court is required to make a determination of whether the concomitant waiver of the right to counsel is knowing, intelligent and voluntary. According to the petitioner, the evidence presented to the habeas court showed that he was deprived of his right to self-representation because he asserted that right, and the trial court thereafter failed to make the requisite determination of waiver. The petitioner claims that the foregoing requires an automatic reversal of his convictions, even if no prejudice has been shown. Although the petitioner is correct in his recitation of the legal principles governing the right to self-representation, we conclude nevertheless that he was not deprived of that right because the record demonstrates that he failed to assert it in a clear and unequivocal manner.

We begin by noting the applicable standard of review. "The habeas court is afforded broad discretion in making its factual findings, and those findings will not be

disturbed unless they are clearly erroneous. . . . The application of the habeas court's factual findings to the pertinent legal standard, however, presents a mixed question of law and fact . . . ." (Internal quotation marks omitted.) *Faraday* v. *Commissioner of Correction*, 95 Conn. App. 1, 8, 894 A.2d 1048, cert. granted on other grounds, 279 Conn. 907, 901 A.2d 1225 (2006). Particularly, when the "facts are essential to a determination of whether the petitioner's sixth amendment rights have been violated, we are presented with a mixed question of law and fact requiring plenary review." (Internal quotation marks omitted.) *Mercer* v. *Commissioner of Correction*, 51 Conn. App. 638, 644, 724 A.2d 1130, cert. denied, 248 Conn. 907, 731 A.2d 309 (1999).

At the outset, we agree with the petitioner's contention that the habeas court improperly concluded that no relief could be granted on the portion of the petition claiming deprivation of the right to self-representation. Normally, because such a claim concerns the actions of the trial court on the record and does not require the development of additional evidence, it properly is raised in the context of a direct appeal. See, e.g., *State* v. *Carter*, 200 Conn. 607, 611–14, 513 A.2d 47 (1986); *State* v. *Williams*, 64 Conn. App. 512, 525–31, 781 A.2d 325, cert. granted on other grounds, 258 Conn. 911, 782 A.2d 1251 (2001) (appeal dismissed April 24, 2003); *State* v. *Casado*, 42 Conn. App. 371, 381–82, 680 A.2d 981, cert. denied, 239 Conn. 920, 682 A.2d 1006 (1996). Furthermore, when a habeas petitioner raises a claim that he could have brought in the context of his direct appeal, he typically must surmount an additional procedural hurdle before that claim may be considered on its merits. Specifically, "[b]ecause habeas corpus proceedings are not an additional forum for asserting claims that should properly be raised at trial or in a direct appeal, a petitioner must meet the cause and

prejudice standard of *Wainwright* v. *Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977), for determining the reviewability of habeas claims that were not properly pursued on direct appeal." (Internal quotation marks omitted.) *Milner* v. *Commissioner of Correction*, 63 Conn. App. 726, 731, 779 A.2d 156 (2001).

When the respondent, however, fails to raise the petitioner's procedural default in the answer to the petition, the petitioner is excused from meeting the requirements of *Wainwright*, and his claim should be heard on its merits. See id., 732–34; see also Practice Book § 23-30 (b) (requiring procedural default to be pleaded in respondent's answer). The pleadings demonstrate that such was the case here. See footnote 6. Accordingly, we conclude that the habeas court improperly determined that the petitioner's claim that the trial court wrongfully precluded him from representing himself was not properly before it and, therefore, was not a claim on which relief could be granted. A determination that a trial court improperly failed to consider an issue properly before it typically requires a remand. Because the relevant facts are not in dispute, however, and resolution of the petitioner's claim requires only the application of the law governing self-representation to those undisputed facts, this court properly may reach the merits of the issue on appeal.[11] Cf. *Grant* v. *Commissioner of Correction*, 87 Conn. App. 814, 816, 867 A.2d 145 (when question purely one of law, habeas court's legal analysis not essential to appellate review), cert. denied, 274 Conn. 918, 879 A.2d 895 (2005). We thus turn to those merits.

"There is no doubt that a defendant has a right under both the state and the federal constitutions to represent

[11] We note that neither party has requested a remand. Rather, both parties have briefed this issue as if the trial court had disposed of it on its merits.

himself at his criminal trial. . . .[12] The constitutional right of self-representation depends, however, upon its invocation by the defendant in a clear and unequivocal manner."[13] (Citations omitted.) *State* v. *Carter*, supra, 200 Conn. 611–12.

"In the absence of a clear and unequivocal assertion of the right to self-representation, a trial court has no independent obligation to inquire into the defendant's interest in representing himself, because the right of self-representation, unlike the right to counsel, is not a critical aspect of a fair trial, but instead affords protection to the defendant's interest in personal autonomy. . . . When a defendant's assertion of the right to self-representation is not clear and unequivocal, recognition of the right becomes a matter entrusted to the exercise of discretion by the trial court. . . . In the exercise of that discretion, *the trial court must weigh into the balance its obligation to indulge in every reasonable presumption against waiver of the right to counsel.*" (Citations omitted; emphasis added; internal quotation marks omitted.) Id., 613–14.

Pursuant to the applicable case law, mere expressions of dissatisfaction with counsel's performance do not constitute a clear and unequivocal invocation of the right to self-representation. See id., 611, 614; see also *State* v. *Williams*, supra, 64 Conn. App. 530; *State* v. *Casado*, supra, 42 Conn. App. 379–82. Neither does vacillation between the options of proceeding pro se

[12] The right to self-representation is guaranteed by the sixth amendment to the United States constitution and article first, § 8, of the constitution of Connecticut. *State* v. *Townsend*, 211 Conn. 215, 218 n.1, 558 A.2d 669 (1989).

[13] "The clear and unequivocal request formulation has been said to have developed primarily as a standard designed to minimize abuses by criminal defendants who might be inclined to manipulate the system. . . . If an unequivocal request were not required, convicted criminals would be given a ready tool with which to upset adverse verdicts after trials at which they had been represented by counsel." (Citation omitted; internal quotation marks omitted.) *State* v. *Gethers*, 197 Conn. 369, 377 n.8, 497 A.2d 408 (1985).

or with counsel suffice. *United States* v. *Bennett*, 539 F.2d 45, 51 (10th Cir. 1976).

Moreover, it is well established that a petitioner may successfully invoke the right to self-representation but thereafter waive it by acquiescing, either overtly or by a failure to object, to a subsequent reappointment of counsel. See, e.g., *State* v. *Gethers*, 197 Conn. 369, 497 A.2d 408 (1985); see also *Wilson* v. *Walker*, 204 F.3d 33, 37–39 (2d Cir.) (when petitioner voiced no objection to appointment of counsel, stated nothing about representing himself and cooperated with appointed counsel, he waived through abandonment his prior assertion of right to proceed pro se), cert. denied, 531 U.S. 892, 121 S. Ct. 218, 148 L. Ed. 2d 155 (2000); *Cain* v. *Peters*, 972 F.2d 748 (7th Cir. 1992) (petitioner "waived his [previously asserted] right to conduct his own defense by remaining mute when the court appointed a new lawyer for him and not raising the subject at trial"), cert. denied, 507 U.S. 930, 113 S. Ct. 1310, 122 L. Ed. 2d 698 (1993); cf. *McKaskle* v. *Wiggins*, 465 U.S. 168, 182, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984) ("[e]ven when he insists that he is not waiving his *Faretta* rights, a pro se defendant's solicitation of or acquiescence in certain types of participation by [standby] counsel substantially undermines later protestations that counsel interfered unacceptably" [internal quotation marks omitted]).

To regain pro se status, the defendant must reassert the right to self-representation in a clear and unequivocal manner. See *Wilson* v. *Walker*, supra, 204 F.3d 38–39; cf. *McKaskle* v. *Wiggins*, supra, 465 U.S. 183 ("[o]nce a pro se defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously renews his request that standby counsel be silenced" [internal quotation marks omitted]). In

other words, a right to self-representation once asserted does not necessarily persist throughout an entire criminal trial if the petitioner, by his words or conduct, relinquishes it in favor of the right to counsel.[14]

The foregoing principles guide our resolution of the present matter. Although the petitioner effectively invoked his right to self-representation during the pretrial proceedings before Judge Holden, his request specifically was targeted at arguing the motions that were presently before that court. When the court inquired as to whether the petitioner, thereafter, wanted to revisit the option of retaining counsel, the petitioner responded affirmatively.[15] The petitioner subsequently stood silent as the court appointed Bucci to represent him on his additional charges and stated that the petitioner had had his day in representing himself on various motions. The court then proceeded to discuss scheduling matters with counsel. The petitioner did not attempt to reassert his right to proceed pro se when Bucci requested that discovery materials be directed to his office instead of to the petitioner or throughout the entire trial that followed before Judge Cremins. Applying the case law to this chain of events, we are compelled to conclude that although the petitioner effectively asserted his right to self-representation briefly during pretrial proceedings, he thereafter waived

[14] "The right to counsel and the right to self-representation present mutually exclusive alternatives. A criminal defendant has a constitutionally protected interest in each, but since the two rights cannot be exercised simultaneously, a defendant must choose between them." (Internal quotation marks omitted.) *State* v. *D'Antonio*, 274 Conn. 658, 710, 877 A.2d 696 (2005).

[15] To the extent that the petitioner's response, "There about, yes," can be said to be ambiguous, the court was justified in treating it as equivocal, given its duty "to indulge in every reasonable presumption against waiver of the right to counsel." (Internal quotation marks omitted.) *State* v. *Carter*, supra, 200 Conn. 614; cf. *Meeks* v. *Craven*, 482 F.2d 465, 467 (9th Cir. 1973) (concluding that petitioner's statement, "I think I will," in response to court's query, "You still want to represent yourself?" was "a prototype of equivocation" [internal quotation marks omitted]).

it for purposes of trial (1) explicitly, by limiting the scope of his request, and (2) impliedly, by silently acquiescing in the appointment and participation of counsel.

Given our determination that the petitioner failed to assert clearly and equivocally his right to represent himself at trial, his claim that the court improperly failed to determine that his waiver of counsel was knowing and intelligent necessarily fails. A "defendant cannot succeed in his claim that the court failed to inquire adequately into his interest in representing himself unless the court was required to make such an inquiry. A court is required to do so only when the defendant clearly and unequivocally asserts the right to self-representation." *State* v. *Williams*, supra, 64 Conn. App. 530–31.

"A trial court, faced with the responsibility of reconciling a defendant's inherently inconsistent rights to self-representation and to counsel, is entitled to await a definitive assertion of a request to proceed pro se. Any other ruling would permit a defendant on appeal to claim a violation of his rights whether he defended himself or was represented by an attorney." *State* v. *Carter*, supra, 200 Conn. 614. Courts "have therefore been unwilling to find a clear and unequivocal assertion of the right to self-representation in . . . ambiguous circumstances." Id. The facts of this case present a classic example of such ambiguity.

The judgment is affirmed.

In this opinion the other judges concurred.